CASE 35—ACTION BY NEW YORK LIFE INS. CO. V. MARY L. WEAVER'S
ADMR. &C., TO RECOVER VALUE OF POLICY PAID WHICH WAS AL-
LEGED TO HAVE BEEN OBTAINED BY FRAUD OF INSURED.—DEC. 4.

# New York Life Insurance Co. v. Weaver's Admr., &c.

APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

LIFE   INSURANCE— INCONTESTABLE   POLICY— FRAUD— RESCISSION—
LACHES—DECEIT.

Held:   1. Where an insurance policy was procured by fraud, the fact
that by its terms it was incontestable did not preclude the insur-
ance company from rescinding it within a reasonable time after
discovering the fraud on surrendering the premiums received.

2. Where an incontestable insurance policy was procured by fraud,
and the company did not elect to rescind the same during the
life of insured, and on her death, under an impression that it
could not defend an action on the policy, paid the same,
it was not entitled to maintain an action against assured's ad-
ministrator for deceit to recover the amount of the policy paid
and other damages.

A. E. COLE & SON, FOR APPELLANT.

E. L. WORTHINGTON AND THOMAS R. PHISTER, FOR APPEL-
LEE.

(No briefs.)

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

This case comes up on appeal from a judgment of the
Mason circuit court. A general demurrer was sustained
to the plaintiff's petition. It alleges, in substance, that
appellant issued a policy of insurance on the life of Mary
L. Weaver for $10,000, payable, at her death, one half to her
estate and the other half to her children; that the policy
was issued upon the faith of representations made by Mary
L. Weaver in her application therefor, and upon the re-

port of the medical examiner as to her physical condition at the time; that the insured, Mary L. Weaver, made many false and fraudulent statements as to the condition of her health in this application, and that W. H. Hoard, their examining surgeon, entered into a fraudulent and corrupt conspiracy with the insured to procure the issual of said policy, and made divers false and fraudulent statements in his medical report as to the physical condition of the insured; that after the death of the insured, appellee L. C. Harrison, as administrator of Mary L. Weaver, and the statutory guardian of her children, brought suit upon the policy, which was by its terms incontestable; that, after being summoned to answer, they paid the amount of the policy, with interest and costs, and a judgment was entered dismissing the suit. And charge that by reason of the fraudulent conspiracy entered into by Mary L. Weaver and W. H. Hoard, and the false representations made by them, they had been cheated out of $10,000 paid, and subjected to other expenses, and pray a judgment for $15,000 in damages for the deceit practiced upon them by Mary L. Weaver and Dr. Hoard. They do not allege that they did not know of the fraud before the payment of the money. The law is well settled that, when a party has been induced by fraud to enter into a contract, he may have same rescinded, provided he has not acted upon it, or recognized it as binding, after the discovery of the fraud. But he must exercise the right of rescission within a reasonable time after the discovery. But if he delays instituting his suit for an unreasonable time, he will be held to have confirmed the contract. If, as alleged, the policy was obtained by fraud, we think there can be no doubt that, notwithstanding the incontestable clause therein, a court of chancery would have canceled it in a suit for a rescission

brought within a reasonable time after its issual, and during the lifetime of the insured, upon the tender back of the premiums received by the company. But in this case appellant not only failed to take any steps looking to a repudiation of the contract during the lifetime of the insured, but, when sued upon the contract after her death, confessed liability by the payment of the principal, interest and cost. It is an axiom of the law that a litigant is entitled to his day in court, but that he is not entitled to two days; and a judgment in an action necessarily determines not only every question which is presented, but every one which ought to have been presented, or such as are essentially connected with the subject-matter of the litigation, especially as to matters of claim and defense. See Freem. Judgm. (2d Ed.), section 249. Having failed to institute a suit for a rescission within a reasonable time, or to make defense when sued upon the policy, appellant cannot be permitted to relitigate questions which were necessarily concluded by the judgment. Besides, if, as appellant seems to concede, the incontestable clause in the policy precluded them from resisting its payment on the ground of fraud, it logically follows that it is equally efficacious to defeat any action brought against the estate of the decedent for damages by reason thereof.

For reasons indicated, the judgment is affirmed.