# LOVE v. REYNOLDS.

No. 2311.   Opinion Filed November 26, 1912.

(128 Pac. 242.)

1.  **TRIAL—Ambiguous Instruction—Cure by Other Instruction.** Although some paragraphs of a court's charge may be ambiguous and uncertain as to whom the burden of proof is placed upon, yet if the issues have been clearly defined to the jury, and the ambiguous paragraphs are followed by an instruction which removes all ambiguity and clearly places the burden of proof upon the proper party, a judgment will not be reversed because of such ambiguous paragraphs unless it clearly appears that the complainant's rights have been prejudiced thereby.

2.  **SAME—Remarks of Court.** Remarks of the court during the trial of a cause will not constitute reversible error, unless it be made to appear that complainant's rights were prejudiced thereby. The remark: "It is about twelve o'clock and I am going to take a recess. I am tired of lawyers questioning the witness always, and objecting to everying in this court"—**held** not to constitute reversible error.

(Syllabus by Harrison, C.)

*Error from Coal County Court;*
*R. W. Wells, Judge.*

Action by Tom Reynolds against Jet Love.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*C. M. Threadgill,* for plaintiff in error.

*D. H. Linebaugh* and *P. E. Wilhelm,* for defendant in error.

Opinion by HARRISON, C.   This was an action in replevin originally brought in the justice court of Coal county, Hon. R. B. Davidson, J. P., by Tom Renyolds, against Jet Love, to recover possession of a certain light bay mare branded "R" on the right shoulder, valued at $75, and for damages in the sum of $111.75 for the unlawful detention of same.   Plaintiff alleged that the animal had been gone for about three years, and that her whereabouts had been concealed from him, and that he had not known of her whereabouts until about a year and a half before bringing suit; that he was the owner of and entitled to the possession of said animal, and that he had been damaged in the sum of $111.75,

by reason of the unlawful detention of said animal. Defendant answered by general denial, and for further defense alleged that plaintiff was barred by the statute of limitations from maintaining his action. In September, 1909, the cause was tried before said justice of the peace, and judgment rendered for plaintiff. Defendant appealed to the county court, where on July 5, 1910, the case was again tried, and again resulting in a verdict and judgment in favor of plaintiff, Reynolds, for the return of the property or the value thereof ($75), and damages in the sum of $50. From this judgment the defendant, Jet Love, appealed to this court, basing his complaint upon nine assignments of error.

Considering these assignments, after having read the record, we find that all may be properly considered, under the exceptions to the court's overruling motion for a new trial. As to the admission and rejection of testimony we find no material error on the part of the court—certainly no reversible error.

Nor do we find wherein plaintiff in error could have been materially prejudiced by the court's charge. It is urged by plaintiff in error that paragraphs 3, 4, 5, and 6 of the court's charge were prejudicial to defendant's rights in that they placed an unwarranted burden upon the defendant. And further urged that said instructions were ambiguous and uncertain in meaning. It is true that the instructions complained of seem to be somewhat ambiguous. But we are unable to see wherein they clearly placed any unnecessary burden of proof upon the defendant. The court clearly stated the nature of the case, and the contention of the parties to the jury, and in paragraph 7 instructed the jury as follows:

"You are further instructed that the burden of proof is upon the plaintiff to establish every material allegation of his claim by a preponderance of the testimony, and, if he failed to establish his claim by preponderance of the testimony, then you will find for the defendant."

The law is clearly and plainly stated in this instruction. And whatever ambiguity there may be as to the burden of proof in the instruction complained of, such ambiguity is made clear in the above instructions.

It is further urged that there was error in the following language used in the presence and hearing of the jury, while the attorney for defendant was cross-examining a witness. The language complained of is as follows:

"It is about twelve o'clock and I am going to take a recess. I am tired of lawyers questioning the witnesses always, and objecting to everything in this court."

While we strongly believe in the rule that the court should at all times studiously avoid any token or sign of his bias or favor in a matter being tried before him, and while the above language may have been to some extent improper at the time, and may have been spoken in a tone which showed an unwarranted impatience,. yet from the language used we cannot say that it was directed altogether at defendant or his counsel, or that he could have been materially prejudiced by the language used. At least, we do not feel justified in saying that such language constitutes such an error as to warrant a reversal. Defendant also contended that the verdict returned by the jury was not the verdict which was filed in the case and upon which judgment was rendered. But we find nothing in the record which supports this contention. We have read the record and the briefs of counsel carefully, and find no reversible error.

The judgment should, therefore, be affirmed.

By the Court: It is so ordered.