## AMBROSY v. OKLAHOMA UNION INS. CO.

No. 22183.   March 26, 1935.

Ruby Turner Looper and Urey Howard, for plaintiff in error.

William F. Collins, for defendant in error.

PER CURIAM. This was an action in which the defendant in error, plaintiff below, sought to recover $907 from the plaintiff in error, defendant below, which it paid on an insurance policy issued by the plaintiff on the life of Ira H. Davidson, and in which the defendant was the beneficiary. The parties will be referred to here as they appeared below.

The plaintiff claims in its petition that fraud was practiced upon it both by the insured and the defendant, in that it was represented both by Davidson and the defendant that Davidson was in good health, and had never had any diseases of the blood or genital organs and other diseases, when, as a matter of fact, he had had syphilis for 20 years, and that for a period of several months before taking out the policy of in-

surance he had been sick, suffering from rheumatism and other effects of syphilis. The application was prepared and signed on September 18, 1926. The policy of insurance was issued by the plaintiff.

The health of the insured continued to get worse, and in July, 1927, he was sent to the Central State Hospital for the Insane, at Norman, Okla., where he died August 23, 1927. On August 25, 1927, the plaintiff paid the defendant $907 as the beneficiary under the policy, without knowing the true facts as to the cause of the insured's death.

Defendant in his answer denies that he obtained the signature of Davidson to the application, and further denies that he had made any warranties as to the health or physical condition of Davidson, and avers that he knew of nothing of the impaired health or physical condition of Davidson, if the same were impaired. He further alleges that the plaintiff had full information as to the cause of the death of the insured at the time the $907 was paid to him.

Ira H. Davidson warranted in his application for the insurance that he was in good health and had never been afflicted with any disease of the kidneys, genital organs, bowels, stomach, rheumatism or cancer.

The two brothers of Davidson testified as to his health on the 18th day of September, 1926. One brother testified that he knew that his brother had syphilis more than 20 years ago, and that he had been in very close touch with him from June, 1926, until the time of his death, and both brothers testified that he was in very poor health immediately prior to September 18, 1926.

From the evidence offered, there could be no doubt in the jury's mind but that both Davidson and the defendant practiced fraud on the plaintiff at the time the policy of insurance was obtained. However, the trial court did not submit the fraud of the defendant in the case, but only submitted the question of the misrepresentations of Ira H. Davidson in the warranties that he made in the application for insurance. If Davidson misrepresented the facts, that was sufficient to vitiate the policy, regardless of what might have been the conduct of the defendant, and the determination of the question, as to whether or not the defendant was guilty of fraud was not necessary. The court's action on this question was more favorable to the defendant than to the plaintiff.

The question of whether or not the plaintiff paid the defendant the money with full knowledge of the facts concerning Davidson's health at the time he made the application, was also submitted to the jury. Both questions were decided in favor of the plaintiff.

The well-settled rule of law that the insurer may recover the money which it has paid out on a policy which was procured by fraud on the part of the insured at the time the policy was purchased, is applicable to life insurance. 37 C. J. secs. 360-362, p. 592; National Life Insurance Co. v. Jones, 59 N. Y. 649 (aff. 1 Thompson & C. 466); National Life Insurance Co. v. Minch, 3 Hun (N. Y.) 354, 5 Thompson & C. 545; Masonic Life Ass'n of Western N. Y. v. Crandall, 41 N. Y. S. 497; Centennial Mutual Life Insurance Co. v. Parham, 80 Tex. 518, 16 S. W. 316. The general rule as to insurance is set out in 33 C. J., Insurance. sec. 711, p. 42.

Of course, if this money had been paid voluntarily by the plaintiff to the defendant with full knowledge of the facts, it could not be recovered. Whitehurst v. Mason, 140 Ga. 148, 78 S. E. 938; New York Life Insurance Co. v. Weaver, 114 Ky. 295, 70 S. W. 628. This question, however, was submitted to the jury, which found that the money was not paid with notice and knowledge of the true facts concerning Davidson's condition when he applied for the insurance.

Complaint is made by the defendant about the statements of the court during the progress of the trial as to the issues in the case. There is nothing harmful to the defendant in the statements, as the question of his fraud in the matter was eliminated both by the statements of the court and by the instructions. The defendant's real defense, which was that the money was paid with full knowledge by the plaintiff of the facts, was properly submitted to the jury. The defendant could not have been prejudiced by the statements of the court. Love v. Reynolds, 36 Okla. 297, 128 P. 242

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge Harry L. S. Halley, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by this court.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.