## WIRT FRANKLIN PETROLEUM CORP. et al. v. PAGE.

No. 25543. Nov. 26, 1935.

Rehearing Denied Jan. 21, 1936.

Second Petition for Rehearing Denied Feb. 4, 1936.

Miley, Hoffman, Williams, France & Johnson and Harry D. Turner, for plaintiff in error.

S. J. Clay, for defendant in error.

.PER CURIAM. This action was brought by A. L. Page against the defendants, Wirt Frank'in Petroleum Corporation, Cromwell Franklin Oil Company, and Indian Territory Illuminating Oil Company. The action was to recover for damages to crops on account of the overflow of oil and salt water upon them from defendants' wells. The case originated in the justice court of Oklahoma City. From a judgment in favor of the plaintiff, the defendants appealed to the district court of Oklahoma county. The cause was transferred from the district court to the common pleas court, and upon trial in said court, judgment was rendered for plaintiff.

The basis of the action of the plaintiff is that the defendants were all operating and producing oil on leases on the watershed of Crooked Oak creek, in what is known as the Oklahoma City oil field; that the creek runs in a northerly direction; that the plaintiff was cultivating a farm north of the leases of the three defendants; that the defendants allowed oil and salt water to run from their wells into the creek that runs through and by the farm cultivated by plaintiff; that on the 3rd day of June, 1932, there were heavy rains in the vicinity of Oklahoma City, and particularly on the watersheds of Crooked Oak creek; that previous to these rains there were accumulated in the ponds and low places along the bed of the creek quantities of oil and salt water, which had been allowed to flow into the creek from the oil wells of the defendants; that on the 3rd day of June the creek overflowed and ran salt water and oil over and upon the crops of the plaintiff which consisted of tomatoes, kaffir corn and alfalfa. This damaged him in the sum of approximately $355, and he asked for judgment in the sum of $200, the jurisdictional amount of the justice of the peace; that the damages were caused directly and solely on account of the defendants allowing oil and salt water to escape and run from their wells into Crooked Oak creek.

The defendants interposed, in substance, two defenses: First, that the oil and salt water which were allowed to accumulate in Crooked Oak creek from their wells were not in sufficient quantities to injure the plaintiff's crops, and that the crops were not really injured by the oil and salt water, but by reason of the washing of portions of the surface of the plaintiff's farm and depositing it on other portions; second, that the injury, if any, to the plaintiff's crops was not caused as a direct result of the neglect of the defendants, but was caused directly and proximately on account of a skimming plant being constructed just above the plaintiff's farm by Lockspeake and Shanks, and whatever oil and salt water were flooded over the plaintiff's crops, came from the skimming plant of Lockspeake and Shanks.

Out of 29 assignments of error the defendants insist and present two for the reversal of this cause: First, on account of improper remarks of the trial judge in the presence of the jury; second, refusal of the trial judge to give instructions which the defendant insists should have been given covering their defense.

During the examination of the plaintiff in the trial of the cause, the plaintiff was asked; "So you wouldn't be in a position to state whether oil does or does not damage crops?" The Court: "I don't think anybody needs to make any statement about that. It is a matter of common knowledge that oil in sufficient quantities destroys crops." To this remark the defendants except. In this connection, it was not disputed by the defendants that oil and salt water would destroy growing crops if they were overflowed by them in sufficient quantities. Both the plaintiff's

and the defendants' witnesses practical'y agreed as to this fact. The controlling issue of fact was whether or not the oil and salt water escaping from the defendants' wells did overflow the plaintiff's crops. Under these circumstances and the instructions given by the court, we fail to see how the remark of the judge could have been prejudicial to the defendants. Remarks of a trial judge during the trial of the cause will not constitute reversible error unless it appears that such remarks are prejudicial to the rights of the complaining party. Tulsa Hospital Association v. Juby, 73 Okla. 243, 175 P. 519; Love v. Reynolds, 36 Okla. 297, 128 P. 242.

The other assignment of error presented on appeal by defendants is the refusal of the trial court to give an instruction requested by the defendants on the issue as to whether or not the proximate cause of the injury to the plaintiff's crops was the oil and salt water escaping from the defendants' wells, or the oil that came from the skimming plant of Lockspeake and Shanks. Technically speaking this issue should have been defined by the court to the jury in a separate and distinct instruction. We have carefully considered the instructions given by the court to the jury in this case, and we believe that taken and considered as a whole the instructions fairly present the law in the issue to the jury, and that there was no prejudicial error in refusing to give the instruction requested by the defendants. If the court instructs the jury clearly, fairly, and fully on every material phase of the case, refusal to give any and all requested instructions is not error. Dandois v. Raines, 115 Okla. 88. 241 P. 1099.

It is further urged in connection with the instructions of the court that the court erred in referring to oil and salt water as "poisonous minerals" and "destructive substances." The court in the use of these words used them in connection with the qualifying phrase, "in sufficient quantities." We believe that the use of these terms in reference to oil and salt water is harmless under the evidence in this case for the reason that the evidence of both parties showed that oil and salt water are poisonous minerals and destructive substances when speaking of them in reference to their effect on growing crops.

Finding no error in the trial of said cause, we recommend that the judgment of the trial court in this case should be affirmed. And it is so ordered.

The Supreme Court acknowledges the aid of Attorneys C. B. Rockwood, Thos. S. Harris, and J. V. Frazier in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was prepared by Mr. Rockwood and approved by Mr. Harris and Mr. Frazier, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, WELCH, and CORN, JJ., concur.