No. 42,609

EMPLOYERS MUTUAL CASUALTY CO., *Appellant,* v. SHEPHERD-VINEYARD MOTORS, INC., *Appellee.*

(370 P. 2d 388)

Opinion filed April 7, 1962.

*Harry L. Depew,* of Neodesha, argued the cause and was on briefs for the appellant.

*T. D. Hampson,* of Fredonia, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: In the court below, the appellant insurance company sued the appellee motor company alleging that the insurance company had insured a new car against fire; that Mr. and Mrs. Leonard N. McGuire purchased the new car from the motor company and received the usual new car warranty on November 28, 1956, and that on the next day while the car was being driven by Mrs. McGuire it caught fire because of defective material and workmanship; that the particular parts which were defective are unknown to the plaintiff, but should be within the knowledge of defendant; that the car was totally destroyed by fire and the plaintiff paid Mr. and Mrs. McGuire the sum of $1,961.60 under the insurance policy covering said car; that the McGuires immediately called in defendant motor company and its agents inspected the burned automobile and that the McGuires complied to the fullest extent possible with the terms of the warranty delivered to them.

It then is alleged that defendants furnished various cars to the McGuires to drive until a new car was obtained by the motor company as dealer when it was delivered to Mr. and Mrs. McGuire. There is no allegation in the petition as to whether the McGuires paid for the second car.

It is also alleged that under the insurance policy entered into between plaintiff company and the McGuires the company is entitled to be subrogated to the rights of the McGuires against the motor company upon the new car warranty issued to the McGuires; the petition concludes with a prayer for the sum of $1,961.60 together with interest against the motor company as defendant.

The defendant motor company in due time filed a demurrer to the petition which has been described above. The trial court sustained the demurrer and the insurance company has appealed to this court.

Before turning to the holdings of the court below, we believe it pertinent to mention one matter which seems most important. As noted above, from all that is alleged in the petition, the defendant motor company may have supplied a new car to the McGuires without cost under the new car warranty. If this be true, we would certainly feel that the defendant had fully complied with the warranty and that plaintiff can claim no subrogation through the McGuires. Because the parties entirely ignore this question, we assume that the second car was paid for by the McGuires. The petition is entitled to a liberal interpretation.

In sustaining the demurrer the trial court held that one subrogated to the rights of another may not rely upon contract rights possessed by his subrogor.

The general topic of subrogation has been discussed by some of our own cases in a general way. Attention may be directed to *State, ex rel., v. Baker,* 160 Kan. 180, 160 P. 2d 264; *Fenly v. Revell,* 170 Kan. 705, 228 P. 2d 905; and *United States Fidelity & Guaranty Co. v. Maryland Cas. Co.,* 186 Kan. 637, 352 P. 2d 70.

The cases just cited would indicate that the right to subrogation is broader than the trial court's memorandum implies. Whether a contract right may be used or was used in the above cases we are not certain but certainly such rights must have been brought into play in the last mentioned case.

Our own research has turned up a case in Texas which is almost the bay horse case as far as the law is involved. This case is *Wolff*

*v. Commercial Standard Insurance Company,* Tex. Civ. App., 345 S. W. 2d 565. In the Wolff case, the facts can be boiled down to the following: A sold two lots to B giving a warranty deed. B obtained title insurance. Unknown to B, there were unpaid liens on record and the holders thereof demanded payment. The title insurance company demanded of A that he pay the liens. Upon failure of A to perform, the insurance company paid the liens and then sued A claiming subrogation under B to the express warranty in the deed from A to B. The Civil Court of Appeals affirmed a judgment for the insurance company.

In 46 C. J. S. under the title of Insurance but dealing with subrogation we find the definite statement that one may be subrogated to a contract right. In 46 C. J. S. on page 154, the text reads as follows:

"Insurer's right is derived from the rights which insured has, and is limited to those rights; and there can be no subrogation where insured had no claim against the third person, or where the injury was caused by the negligence of insured himself. Insurer is not entitled to the right of subrogation by virtue of a contract between insured and a third person unless the contract shows primary liability on the part of such third person for the loss. As between insurer and insured, the subrogee's rights are beyond the power of cancellation and destruction by insured."

In the case of *Insurance Co. v. Chevrolet Co.,* 253 N. C. 243, 116 S. E. 2d 780, we have a case remarkably like the case at bar. In the North Carolina case, a buyer had purchased a car from a dealer and received a warranty. Because of faulty conditions in the motor the automobile burned up. The plaintiff insurance company paid the amount due under its policy on the burned car, and brought a suit based upon subrogation on the warranty against the car dealer. But it was further alleged in the petition that the buyer had discovered the fault in the motor and had returned it for repair. On reclaiming the car, the buyer soon found that the engine had not been repaired. Nevertheless, he continued to use the car for about six days at which time the car caught fire and burned. The dealer argued that the buyer of the car was negligent in using the car when he knew that there was danger of fire. The court sustained this defense by the car dealer. But no one suggested that the insurance company might not rely on the contract of warranty possessed by his subrogor or upon any other right the subrogor had.

See also the following authorities in which subrogation was had to contract rights possessed by the subrogor: *Burgess v. Trevathan,*

236 N. C. 157, 72 S. E. 2d 231; *F. H. Vahlsing Inc. v. Hartford Fire Ins. Co.,* Tex. Civ. App., 108 S. W. 2d 947; 50 Am. Jur. 730, § 78.

The authorities would seem to make the right of subrogation a right given to plaintiff to stand in the shoes of the subrogor, and to assert any right possessed by the subrogor. If the subrogor has a good contract right against the defendant, the plaintiff is very fortunate.

Appellee has cited no authority to the contrary. Therefore, the order of the trial court sustaining the demurrer against plaintiff's petition must be reversed with directions to overrule the demurrer. It is hereby so ordered.