REGAN, Judge.
The plaintiffs, Broadview Seafoods, Inc., and Insurance Company of North America, instituted this suit against the defendants, Stanley Pierre and Traders and General Insurance Company, endeavoring to recover the respective amounts of $390.00 and $332.32, representing property damage and other expenses incurred by them as a result of a collision between two vehicles operated by Stanley Pierre and Daniel A. West, who was an employee of Broadview Seafoods, Inc.
The defendants answered and asserted therein that the accident was caused by the negligence of West and in the alternative they pleaded his contributory negligence. In addition thereto, Traders and General Insurance Company reconvened against both plaintiffs endeavoring to recover the sum of $130.68, representing the amount it had paid to Stanley Pierre in conformity with the collision coverage of its policy.
The trial court rendered judgment in favor of plaintiff, Broadview Seafoods, Inc., in the amount of $250.00, together with interest and costs. The court further dismissed the suit of the plaintiff, Insurance Company of North America, for $332.32 as well as Traders and General Insurance Company’s reconventional demand. From that part of the judgment denying Broadview’s claim for the difference between $390.00 and $250.00, and from that part thereof denying Insurance Company of North America’s claim, both plaintiffs have prosecuted this appeal.
The record reveals that the accident occurred on June 2, 1963, at approximately 12:15 a. m. Daniel West, an employee of Broadview Seafoods, Inc., was driving a Ford truck, owned by his employer, in the left lane at or near the foot of the ramp of the William Seeber Bridge, which rises from street level as it curves to the left from North Robertson Street. At this point North Robertson is a two-lane street with one-way traffic moving in an easterly *39 direction. Simultaneously, Stanley Pierre was driving his automobile in the same direction in the right lane of traffic. Pierre, who was proceeding west, suddenly changed lanes, and the right front of the truck operated by West struck the left rear of Pierre’s vehicle.
The record without equivocation reveals that West was operating Broadview’s truck with the consent of his employer and that he was engaged upon a mission of his own when the accident occurred, a fact which all of the litigants apparently have conceded.
The damage to the Broadview truck amounted to $432.32. Broadview rented a replacement therefor, and the cost thereof was $290.00. Insurance Company of North America paid $332.32 in conformity with its policy of collision insurance, and Broad-view paid its $100.00 deductible loss together with the sum of $290.00 for rental of the truck.
 The plaintiffs initially complain that the lower court erred when it reasoned that West was negligent in the operation of Broadview’s truck. It is axiomatic that an appellate court will not reverse the findings of a trial judge in the absence of manifest error. In explanation thereof suffice it to say that the record contains ample evidence to the effect that West did not exercise that degree of care and caution commensurate with the conditions which existed when the accident occurred.
Plaintiffs alternatively complain that the trial court erred in imputing the negligence of West to Insurance Company of North America, the insurer of Broad-view, and thereby denying its subrogation claim. The plaintiff insurance company insists that since it wrote the policy in favor of Broadview, who was West’s employer, it stands in the legal shoes of Broadview, and since the trial court found that West was not operating the vehicle in the course and scope of his employment, his negligence could not be imputed to Broadview, and therefore it could not be imputed to its insurer.
In answer to this argument, the defendants point to the Insurance Company of North America’s policy; the subrogation clause thereof reads as follows:
“19, Subrogation — Coverages A, B, D, E, F, G, H, and I: In the event of any payment under this policy the company shall be subrogated to all the insured’s rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.”
Therefore the defendants assert that the word “insured” encompasses both the named insured as well as the omnibus insured, so that the insurance company could not recover as a subrogee to the rights of an omnibus insured who is sufficiently tainted with negligence.
In support of this argument, the defendants refer us to a paragraph of the policy wherein the meaning of the word “insured” is defined. It reads:
“III. Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ‘insured’ includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual 'use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply: * * (Emphasis ours.)
Obviously the word “insured” refers both to the named insured and the omnibus in- *40 saved. Therefore, the Insurance Company of North America became subrogated to the “insured’s rights”, i. e., the rights of West, and thus it is necessarily adversely affected by the fact that West was guilty of negligence. Consequently, the trial court was quite correct in denying the claim of the Insurance Company of North America for the sum of $332.32.
Finally, Broadview contends that the lower court erred in refusing to permit it to recover the full amount paid for the rental of a replacement truck. Plaintiff expended the sum of $290.00 for the rental thereof, representing $10.00 per day for 29 days, which was not covered by the Insurance Company of North America’s policy; however, the trial court rendered judgment in the amount of $150.00 therefor, together, of course, with a judgment for $100.00, the amount which it contributed in conformity with the deductible clause of its collision insurance policy.
Steve Calcagno, the president of Broad-view, testified that the truck was sent to Bolton Ford for repairs which required 29 days to consummate. The trial judge was obviously concerned about the length of time consumed to effect the repairs, and upon interrogation by him Calcagno asserted, “I thought it was kind of ridiculous myself but they had to send to the factory for so many different parts.” No representative from Bolton Ford was requested to appear herein in confirmation or explanation of the delay. The tenor of the record leads us to the inevitable conviction that Calcagno lacked diligence in ascertaining that the repairs were timely made. The trial judge, apparently was similarly impressed and, in the exercise of his discretion, concluded that 15 days was a reasonable length of time in which to effect the necessary repairs and therefore awarded Broadview a judgment for $150.00 or $10.00 per day for 15 days for rental of the truck. We detect no reversible error in this conclusion.
For the reasons assigned, the judgment of the lower court is affirmed. All costs incurred therein are to be paid by the defendants, and the costs of this appeal are to be paid by the plaintiffs.
Affirmed.