180 So.2d 694

**BROADVIEW SEAFOODS, INC., and Insurance Company of North America**

v.

**Stanley PIERRE and Traders and General Insurance Company.**

No. 47763.

Dec. 13, 1965.

Lemle & Kelleher, Paul B. Deal, New Orleans, for plaintiff-appellant-relator.

Loeb & Livaudais, James E. Glancey, Jr., New Orleans, for defendants-appellees.

FOURNET, Chief Justice.

In granting a writ of certiorari in this case on the application of plaintiffs Broadview Seafoods, Inc., and its insurer, Insurance Company of North America, we limited the same [1] to our review of the judgment of the Court of Appeal, Fourth Circuit, to the subrogation claim of the Insurance Company of North America against the defendants, Stanley Pierre and his insurer, Traders and General Insurance Company. See, 173 So.2d 37.

---

1. In all other respects the application was denied. See 247 La. 1023, 175 So.2d 303.

The facts as found by the Court of Appeal disclose that on June 1, 1963, Daniel A. West, an employee of Broadview Seafoods, was using his employer's truck with the latter's permission on a personal mission. As he approached the William Seeber Bridge on North Robertson Street in the City of New Orleans, his vehicle and that owned and operated by Pierre collided, the right front of the truck striking the left rear of Pierre's automobile. The damage sustained by the Broadview Seafoods truck amounted to $432.32, and while it was being repaired, Broadview Seafoods rented a replacement therefor at a cost of $290. The Insurance Company of North America paid to its insured the sum of $332.32 in conformity with its comprehensive liability policy for the damage to the truck, which contained a $100 deductible provision; and availing itself of the provisions of Section 15 [2] of the policy, secured from it a subrogation of its claim against Pierre and his insurer.

The Insurance Company of North America and Broadview Seafoods joined in a suit against Pierre and his insurer, the former to recover the sum it had paid to Broadview Seafoods, $332.32, and the latter to recover the amount of $100 deductible under the policy and the $290 it had spent for rental of a truck while its truck was being repaired. Traders and General Insurance Company reconvened against both plaintiffs, seeking to recover the sum of $130.68 it had paid to its insured, Pierre.

The trial judge concluded that both West and Pierre were contributorily negligent, but inasmuch as West, at the time of the accident, was not acting within the course and scope of his employment, but was on a personal mission, he rendered judgment in favor of Broadview Seafoods in the sum of $250—$100 for damage to the truck deducted under the policy and $150 for the truck rental. The judge dismissed the suit of the Insurance Company of North America against Pierre and Traders and General Insurance Company, holding that the insurer in this case was relegated to the rights of its omnibus insured (West) whose negligence contributed to the damages to the truck; he also dismissed the reconventional demand of Traders and General Insurance Company. Both plaintiffs appealed the dismissal of the suit of the Insurance Company of North America; in addition, Broadview Seafoods appealed from that part of the judgment granting it only partial reimbursement for the rental of the truck. The defendants neither appealed nor answered the appeal.

2. "*15. Subrogation* In the event of any payment under this policy, the COMPANY shall be subrogated to all the INSURED'S rights of recovery therefor against any person or organization and the INSURED shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The INSURED shall do nothing after loss to prejudice such rights."

In the Court of Appeal, the plaintiffs' primary complaint was that the trial judge had erred in finding West negligent; and in the alternative, they maintained his negligence should not be imputed to the Insurance Company of North America as the contract was between it and Broadview Seafoods, under which it was subrogated to the rights of its insured. They argue that West, as bailee, was liable to Broadview Seafoods, the owner of the truck, for the damages he had caused to it by his negligence, and that this right was transferred by act of subrogation to the Insurance Company of North America; and that when the word "insured" is referred to in the subrogation clause, it means the "named insured" as only it would have the right to transfer this cause of action to its insurer.

The Court of Appeal, in answer to the first contention, stated there was ample evidence in the record to substantiate the finding of fact that West was Negligent; and in resolving the alternative claim, reasoned the word "insured" used in the subrogation clause was not limited to the named insured (Broadview Seafoods) but included also the omnibus insured (West) under the provisions of the policy, Section III "Definition of Insured" [3]; and the insurer, having paid the named insured for damages to its truck, less $100 deductible, caused by the joint negligence of West and Pierre, became subrogated to the rights of West, who contributed to the damage, and therefore, the Insurance Company of North America could not recover against West's joint tortfeasor and his insurer.

 We are in agreement with the Court of Appeal that the unqualified word "insured" as used in the subrogation clause *was intended to cover the omnibus insured* as well as the named insured; however, we cannot agree with the conclusion the court has reached that the Insurance Company of North America cannot recover against Pierre and his insurer under its subrogation from Broadview Seafoods, to whom it paid $332.32 for the damage caused to its truck by the joint negligence of West and Pierre.

Under the express provisions of the Revised Civil Code, "Subrogation to the right of a creditor in favor of a third person who pays him, is either conventional or legal." Art. 2159 "The subrogation is conventional:

---

3. Section *"III.—Definition of Insured"*, insofar as pertinent herein provides:
 "The unqualified word INSURED includes the named INSURED and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named INSURED or with his permission, and any executive officer of the named INSURED with respect to the use of a non-owned automobile in the business of the named INSURED. The insurance with respect to any person or organization other than the named INSURED does not apply: * * * ".

1. When the creditor, receiving his payment from a third person, subrogates him in his rights, actions, privileges, and mortgages against the debtor; this subrogation must be expressed and made at the same time as the payment. * * *" Art. 2160.

■ So, in this case, when Broadview Seafoods received payment from its insurer, the Insurance Company of North America, for damages caused to its truck by the joint negligence of West and Pierre, and subrogated its rights and actions against Pierre and Traders and General Insurance Company to its insurer, the latter became subrogated to *all* the rights of Broadview Seafoods Inc., thereby entitling the Insurance Company of North America to recover from West, bailee of Broadview Seafoods, and Pierre as joint tortfeasors for their negligence in causing the damage to the truck, to the extent of its payment to Broadview Seafoods.

For the reasons assigned, the judgment of the Court of Appeal, Fourth Circuit, insofar as it dismissed the suit of the Insurance Company of North America against Stanley Pierre and his insurer, Traders and General Insurance Company, is reversed; and it is now ordered, adjudged, and decreed that there be judgment in favor of the Insurance Company of North America against Stanley Pierre and Traders and General Insurance Company, in solido, in the sum of $332.32, with legal interest there-

on from judicial demand. Costs are to be paid by the defendants.

HAMITER, J., concurs in the result.

HAWTHORNE, J., concurs in the decree.

HAMLIN, J., dissents, being of the opinion that the result reached by the Court of Appeal is correct.