**OKLAHOMA TURNPIKE AUTHORITY,**
**Plaintiff in Error,**

**v.**

**Tom HILL and Othella Hill, Husband and Wife, Prudential Insurance Company of America, A. A. Holmes, Tennie F. Holmes, Elizabeth Cook Kemp, and Charles J. Kemp, Defendants in Error.**

**No. 40938.**

Supreme Court of Oklahoma.

March 28, 1967.

**366**

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for plaintiff in error.

Shultz & Ivy, Chickasha, James W. Berry, Oklahoma City, for defendants in error.

PER CURIAM:

This is an appeal from verdict and judgment in a condemnation action brought by Oklahoma Turnpike Authority against the defendants Tom Hill and his wife, the owners, and others. Appraisers fixed the damages and the Authority deposited the amount of the appraisal in court as provided by statute and asked for a jury trial. The verdict and judgment were for $50,000, and the Authority appeals.

The Authority, hereinafter referred to as plaintiff, first contends that the verdict is not supported by sufficient evidence and was given under the influence of passion and prejudice "in granting defendant excessive damages".

In connection with this proposition, plaintiff discusses the testimony of the landowners' witnesses and suggests that, for various reasons, their testimony should not be accorded any weight or credibility. Plaintiff points out that the landowners' witnesses were local farmers and not professional appraisers, and it is argued that they were not disinterested witnesses.

The record shows that the farm consisted of about 920 acres; that the strip actually taken by the Authority amounted to about 76 acres, leaving about 200 acres on one side and about 644 acres on the other. We think it is significant that plaintiff does not argue that the witnesses produced by the landowners were not qualified to give expert testimony in this case. One of these witnesses testified that the farm was worth about $160,000.00 before the taking and about $92,000.00 to $95,000.00 after. Another witness for the landowners testified

that the value before the taking was about $184,000.00 and about $107,000.00 afterward. A third witness placed the respective figures at about $150,000.00 and $90,000.00. The instructions to the jury are not challenged on appeal.

■ This Court will not substitute its judgment for that of the jury in the matter of damages to be awarded for the condemnation of property for public use, nor will it disturb the verdict if supported by any competent evidence. Oklahoma Turnpike Authority v. Daniel, et al., Okl., 398 P.2d 515; Champlin Refining Co. v. Donnell, 173 Okl. 527, 530, 49 P.2d 208, 210, 212, 103 A.L.R. 157. We can only conclude and hold that there is competent evidence sufficient to support the verdict and judgment.

Plaintiff next contends that the court erred in ruling on the admission of evidence and in commenting on the evidence to the prejudice of plaintiff.

The comments of the trial court came during cross examination by plaintiff of two of the landowners' witnesses. The record shows that these witnesses were subjected to detailed, searching and possibly heated cross examination in which, in our opinion, the weight and credibility to be given to their testimony was severely questioned. On the first occasion, counsel was trying to force the witness to place a value on 460 acres out of the 644 acre tract. During the course of this questioning, the trial court made some comments, the most severe of which (emphasized in plaintiff's brief) was "We're just taking up time here for nothing." On the second occasion, counsel was attacking the method used by the witness in appraising the value before the taking, and attempting to show that he did not use the same method after the taking. The witness had been asked to make an appraisal of the 644 acre tract using a method called the "income capitalization" method and had been instructed to "Forget that it was ever connected with the 200 acres that were taken out." The landowners' attorney

objected to this question but no ruling was made by the trial court. After the witness had explained that it would take several days to make the appraisal using that method, he was again later asked why he didn't use it. At that point the trial judge, after an objection by the landowners' attorney made the following remarks:

"Gentlemen, he wasn't required, I don't think, to do that. He did what he was asked to do and that was to make an appraisal of the 920 acres. *And I think we're speculating.*"

The language emphasized in the above quotation is the language objected to by the plaintiff.

■ In this context, we cannot conclude the remarks were prejudicial to plaintiff. On both occasions, after plaintiff had moved for a mistrial, the trial court informed counsel and the jury that he "didn't comment on his testimony" and that he wasn't commenting on the "value of his testimony or the truth or untruth of it or the weight of it."

■ It is well settled in this state that a trial court's remarks during trial will not constitute reversible error unless they are prejudicial to the rights of the complaining party. Wirt Franklin Petroleum Corp. v. Page, 175 Okl. 616, 53 P.2d 676.

We hold that the trial court's remarks, if error, were not prejudicial to plaintiff.

The judgment of the trial court is affirmed.

All the Justices concur.

The court acknowledges the services of CLYDE F. ROSS, who with the aid and counsel of DWIGHT TOLLE and COLEMAN NOLEN, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the court. The Chief Justice then assigned the case to IRWIN, V. C. J., for review and study, after which and upon consideration by the court, the foregoing opinion was adopted.