**PUBLIC SERVICE COMPANY OF OKLAHOMA, a Domestic Corporation, et al., Plaintiffs,**

v.

**BLACK & VEATCH, CONSULTING ENGINEERS, a Partnership, Defendant. Civ. No. 69-C-51.**

United States District Court, N. D. Oklahoma, C. D. June 16, 1971.

Joseph Sharp, Best, Sharp, Thomas & Glass, Tulsa, Okl., for plaintiffs.

Paul McBride, and B. W. Tabor, of Rucker & Tabor, Tulsa, Okl., for defendant.

### ORDER

DAUGHERTY, District Judge.

The Plaintiff Public Service Company of Oklahoma (Public Service) sued the Defendant Black & Veatch, Consulting Engineers, A Partnership, (Black & Veatch) for damages claiming that one of its turbines was damaged because of the negligence of said Defendant in designing the same. Said Plaintiff had received payments for most but not all of its claimed loss on the turbine from several insurance companies. The case was therefore initially prosecuted by the Plaintiff Public Service alone for itself for its uncovered and unpaid part of the total loss and as trustee for the several insurance companies for their payments on the total loss.

The Defendant Black & Veatch moved to add all of said insurance companies as additional parties Plaintiff pursuant to Rule 17(a), F.R.Civ.P., 28 U.S.C.A. The Court granted the Motion by Order filed herein on December 12, 1969 under the authority of Gas Service Co. v. Hunt, 183 F.2d 417 (Tenth Cir. 1950).

Then recently the Defendant learned that it was a named insured in the insurance policies of three of said added Plaintiff insurance companies under which payments were made to the Plaintiff Public Service for part of its loss. These three insurance companies are: Great American Insurance Company, Phoenix Insurance Company and National Surety Company. The Defendant now moves to dismiss these three Plaintiff insurance companies from the case and to reduce Plaintiff's overall prayer by $24,000, which is the total amount the said three insurance companies paid to Plaintiff Public Service on its loss to its turbine. The Plaintiffs oppose the Motion.

The three insurance policies are similar if not identical and are entitled "Property Floater Policy". The named insureds were: Public Service Company of Oklahoma, Austin Building Corporation and Black & Veatch, Engineers, as their interest may appear. The policies insure against physical loss of or damages to the insured property. The policies disclose that the insured property was Plaintiff Public Service's Southwestern Station Unit No. 3 (the damaged turbine was a part of this Unit) and an Installation Floater was a part of each policy which provided coverage, " * * * on any and all materials, equipment, machinery and supplies to be

used in the construction of and to be installed in Southwestern Station Unit No. 3 * * *." Another endorsement provided, "It is agreed that this policy, subject to all its terms, conditions and exclusions shall also cover contractors and subcontractors as co-assureds * * * ". The insurance policies were for the term of September 16, 1965 to September 16, 1967.

It is further asserted (and not disputed) that both Austin Building Company and Black & Veatch were involved at and with the said Unit No. 3 in the construction and work being done in the same and the turbine included therein and had some of their own materials, equipment, machinery and supplies at the said Unit.

It appears to be the Defendant's contention regarding its motion under consideration that the three insurance companies above mentioned cannot recover from it because it was a named insured in each of their policies and therefore the right of subrogation against it does not exist in favor of said insurance companies. The Plaintiffs respond by asserting that the three-named insureds were named as insureds only as their interests may appear in the total insured property and as the property damaged (the turbine of the Plaintiff Public Service) belonged exclusively and solely to the Plaintiff Public Service, subrogation does exist in favor of the said three insurance companies and they can recover from the Defendant if it is shown that Defendant's negligence in designing Plaintiff's turbine caused the damage and loss.

Considerable research has been done by the attorneys and the Court without finding any case precisely like the situation above outlined.[1] The heart of the problem appears to be the right of subrogation, that is, are the three insurance companies entitled to be subrogated to the position of the Plaintiff Public Service and allowed to recover against the Defendant for Defendant's alleged negligence in design which damaged the property of the Plaintiff Public Service notwithstanding that the Defendant is also a named insured on the three insurance policies as its interest may appear in the insured property? No bar is believed to exist against the right of the Plaintiff Public Service to sue and recover from the Defendant for any negligence on its part which damaged such Plaintiff's property notwithstanding their being co-insureds on an insurance policy covering said property.

Subrogation is legal or equitable (by operation of law) or conventional (by contract). Jorski Mill & Elevator Co. v. Farmers Elevator Mut. Ins. Co., 404 F.2d 143 (Tenth Cir. 1968). Subrogation has been described as an equitable right to be enforced or not according to dictates of equity and good conscience. Commercial Union Fire Insurance Co. v. Kelly, 389 P.2d 641 (Okl. 1964). The three insurance policies involved had contractual subrogation clauses as follows:

"7. Subrogation or Loan. If in the event of loss or damage the insured shall acquire any right of action against any individual,

[1] The Defendant cites General Ins. Co. v. Stoddard Wendle Ford Motors, 67 Wash. 2d 973, 410 P.2d 904 (Wash.1966); 94 A.L.R.2d 234 and Couch on Insurance, 2d Ed. § 24.49. *Stoddard Wendle* held that the insurance was for the benefit of the wrongdoer to the insured property and said wrongdoer was not liable to the insurer as a third-party tortfeasor. In the case at bar it is arguable that the insurance was not for the benefit of the Defendant as to the property owned by Public Service which it allegedly damaged.

The Plaintiffs cite Insurance Company of North America v. Gulf Oil Corp., 106 Ga.App. 382, 127 S.E.2d 43; Employers Mutual Casualty Co. v. Shepherd-Vinyard Motors, 189 Kan. 525, 370 P.2d 388; and Broadview Seafoods, Inc. v. Pierre, La., 248 La. 533, 180 So.2d 694. These cases seem to hold that an insurer is subrogated to the rights of an insured and if the insured has a right of action against one who may benefit in some way from the policy the insurer is entitled to subrogation.

firm or corporation for loss of, or damage to, property covered hereunder, the insured will, if requested by the Company, assign and transfer such claim or right of action to the Company or, at the Company's option, execute and deliver to the Company the customary form of loan receipt upon receiving an advance of funds in respect of the loss or damage; and will subrogate the Company to, or will hold in trust for the Company, all such rights of action to the extent of the amount paid or advanced, and will permit suit to be brought in the Insured's name under the direction of and at the expense of the Company."

The Court is of the opinion that no valid argument can be advanced as to why in this particular situation the principles and effects of both legal and conventional subrogation cannot be utilized. See Jorski Mill & Elevator Co. v. Farmers Elevator Mut. Ins. Co., *supra,* 404 F.2d at page 147.

■ On this basis, the Court finds that the Motion of the Defendant should be denied in its entirety at this time. It is anticipated or at least possible that the evidence will show that each named insured had some of its solely owned property at Unit No. 3 and that by virtue of the language of the policies each was a named insured only as its interest appeared as represented by its solely owned property at said Unit No. 3. If this is so and if through negligence the Defendant damaged property owned solely by the Plaintiff Public Service which was within the coverage of the insurance policies, it would seem that equity and good conscience should require the Defendant through subrogation to pay for its negligence to those who have compensated the Plaintiff Public Service for such damage. Certainly a different result would attach if the Defendant damaged its own property which was covered by the policy. In this case its insurer could not recover from it. But

no equitable reason is believed to exist to support the proposition that the Defendant should not be liable to the three insurance companies above mentioned for its negligence in damaging the property of another even though the damage was to property of a named co-insured and the property was included as insured property by the terms of the policies. The Court is inclined to believe that subrogation does exist in these circumstances in favor of the insurers.

■ There is yet another problem present which must receive attention. The three insurance policies provide by an exclusion that they do not insure against loss or damages due to "error in design". This is the sole claim of negligence asserted in the Complaint of the Plaintiff Public Service against the Defendant. Thus, if the insurance companies paid the Plaintiff Public Service on this basis they would have paid it in the face of a clear exclusion from coverage. Defendant asserts that this situation prevents recovery herein by the insurance companies. Apparently the three insurance company Plaintiffs take the position that they did not pay Plaintiff Public Service on the basis of "error in design" but on some policy covered basis and that such mistake, if it be one, would not preclude them from recovering their payments through subrogation against the one bringing about the damage for which they paid whether for a covered or non-covered wrong. This position apparently is based on the proposition that the insurers do not enforce their own rights through subrogation but only the rights of their insured and that recovery is permitted so long as their insured has rights against an alleged wrongdoer for a loss which they have paid.

The only case cited by Defendant in support of its position is Ambrosy v. Oklahoma Union Ins. Company, 171 Okl. 223, 42 P.2d 849 (Okl.1935) which is authority for the proposition that a voluntary payment under an insurance policy made with knowledge of the facts can-

18

not be recovered.[2] This case involved an alleged fraudulent procurement of the insurance policy by the insured with subsequent benefits paid thereunder by the insurance company after knowledge of the facts said to constitute fraud. Plaintiffs cite 50 Am.Jur., Subrogation, § 79 p. 732, which appears to permit subrogation under equity even though a payment has been made by mistake. In the present posture of the case, the Court cannot announce a solution to this problem on a Motion To Dismiss as the facts are not shown with any clarity as to the actual circumstances under which the three insurance companies made their payments to the Plaintiff Public Service.

The Defendant's Motion To Dismiss as to the three insurance companies and for reduction of Plaintiff's prayer is overruled at this time.

2. Defendant also cites 70 C.J.S. Payment § 133, p. 341 and § 134, p. 343 to the same effect.