192 So.2d 381 (1966)
Sam PLOTKIN
v.
Peter D. MARTINO, Individually and as Responsible Person for His Minor Son, Blaise D. Martino.
No. 2334.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 1966.
Rehearing Denied December 5, 1966.
Writ Refused February 3, 1967.
*382 Plotkin, Alvarez, Sapir, Gleason & Bradley, Steven R. Plotkin, New Orleans, for plaintiff-appellee.
Jesse S. Guillot, New Orleans, for defendant-appellant.
Before YARRUT, SAMUEL and HALL, JJ.
YARRUT, Judge.
Defendant appeals from a judgment awarding Plaintiff $602.10 for damages incurred when an automobile, driven by Defendant's *383 18-year-old son, struck Plaintiff's station wagon at 4:30 p. m., while the station wagon was parked in front of Plaintiff's residence, 622 State Street in New Orleans. At this point State Street is a two-way undivided thoroughfare with parking allowed on both sides; the speed limit being 20 miles per hour.
Defendant's son's only explanation for striking Plaintiff's station wagon was that, for some reason, which he could not explain, his car skidded out of control, to wit:
"Q. Tell the court the details of the accident?
"A. Well, I was coming down State Street and when I got to State and Patton my wheels started spinning on my car. It was raining and that street was slippery and my wheels were spinning and my car was going from side to side and then, all of a sudden it started to go sideways down the street and I hit Mr. Plotkin's car."
Accordingly, Plaintiff is clearly entitled to invoke the doctrine of res ipsa loquitur, thus shifting the burden of proof upon Defendant to establish his son's freedom from negligence. Adams v. Spellman, La.App., 130 So.2d 460; Hamiter v. Duncan, La.App., 78 So.2d 80; see Marquez v. Miller, La.App., 64 So.2d 526.
In fact, Defendant's son acknowledged his negligence by admitting he was traveling more than 20 miles per hour in a 20-mile zone on a wet and slippery street during a heavy rain, and that he failed to have his windshield wipers operating at the time. Therefore, Defendant is liable for the negligence of his minor son. LSA-C.C. art. 2318.
Regarding quantum, the trial judge allowed the following:

Damage to Plaintiff's vehicle on basis it was a total loss: the retail
value $565.00 less the salvage value $75.00 ........................... $490.00
Towage charge ......................................................... 7.50
Cost of appraisal ..................................................... 17.00
Cost of Plaintiff's renting car for two-week period, being half
of total charge, $175.20, on theory that half of rental car's use was
personal and not compensable .......................................... 87.60
 _______
 TOTAL $602.10

Defendant has asked for a reduction of the award to $352.60, contending this amount would have been the cost of repairing Plaintiff's vehicle, plus $7.50 towage charges. Plaintiff answered the appeal praying for additional damages, viz.: $87.60, the other half of the rental charge; and $50.00 expert fee for the Independent Appraisal Company's expert, who testified for Plaintiff.
Defendant bases his plea for a reduction on the testimony of a mechanic who, without Plaintiff's knowledge, made an estimate that he could repair Plaintiff's car for $352.60. On cross-examination this mechanic admitted that, had he been employed, he would have repaired Plaintiff's vehicle with parts taken from a previously damaged Rambler stored in a junk yard and exposed to the weather for an undetermined length of time. The mechanic further testified that he did not remember whether he had inspected the inside of Plaintiff's station wagon; and his estimate did not include certain items which were included in the Independent Appraisal Company's $600.23 estimate.
*384 The owner of a damaged automobile is not required to permit the person who caused the damage to select the repairman to make the repairs. On the contrary, the owner may select the repairman but the repairs must be made at proper cost. Alpaugh v. Krajcer, 57 So.2d 700.
Furthermore, the Independent Appraisal Company's man was qualified as an expert, and Mr. Warren (the mechanic) acknowledged that it is common practice for repair shops to accept Independent Appraisal's estimates. Under all the circumstances, the trial judge was justified in accepting the appraisal of the Independent Appraisal Company's expert.
Defendant now contends the trial court should have deducted $100.00, rather than $75.00 as the salvage value, because the Independent Appraisal Company's expert testified the "salvage wouldn't exceed $100.00," thus establishing the salvage value could be less than $100.00; and it was Plaintiff's undisputed testimony that he was only offered $75.00 for his wrecked station wagon. Therefore, we will accept the trial court's fixing the salvage value at $75.00.
Defendant further contends that, because Plaintiff was told by the proprietor of an auto repair shop that his vehicle was a total loss some three days after the accident, he was not justified in renting a car for a two-week period. However, the owner of the repair shop did not give Plaintiff an estimate, and suggested, instead, that he obtain one from Independent Appraisal Company, which he contacted several times during the two-week period. The Independent Appraisal Company's expert testified that, because of the business generated by Hurricane Betsy, he could not give the the estimate until two weeks later. Because it was only at this later date that Plaintiff could be certain his car was a total loss, he was entitled to rent a car during the interim. Baremore v. Southern Farm Bureau Casualty & Ins. Co., La.App., 147 So.2d 58; see also White v. Trahan, La.App., 111 So.2d 561; National Motor Club of La., Inc. v. American Indem. Co., La.App., 170 So.2d 729; Terrebonne v. Toye Bros. Yellow Cab Co., La.App., 64 So.2d 868.
Plaintiff contends the full car-rental cost should be allowed, with no deduction because the wrecked car was the only one he owned, which was used in his washerteria and dry-cleaning business for "pick-ups," an integral part of his business, and only partially for personal purposes. While the majority of Louisiana cases allowed rental only for cars used in business, there is, at least, one case in which recovery was allowed where there was no mention of the vehicle being used for any business or commercial purpose. Moore v. Shreveport Transit Co., La.App., 115 So.2d 218. Furthermore, the rule followed in common law states has been stated as follows:
"The rule followed in nearly all jurisdictions, as to both commercial and pleasure motor vehicles, is that in case of tortious injury to the vehicle, the owner may recover, in addition to an amount for the injury itself, the reasonable value of the use of the vehicle during the time the owner was necessarily deprived of it. At least this is so insofar as such damages are properly pleaded and can be ascertained with reasonable certainty.
"Damages for loss of use of either a commercial or a pleasure motor vehicle may be measured by the cost of hiring or renting another motor vehicle while repairs are being made." 8 Am.Jur.2d "Automobiles and Highway Traffic," Sec. 1047. See also 6 Blashfield, Cyclopedia of Automobile Law and Practice, Sec. 3417 and the cases cited therein.
We hold only that where the owner is deprived of the use of his automobile by the tortious act of another and he must rent a car to carry on his business, which car he then uses for both business and pleasure, he can recover the total cost of renting another car until it is determined whether the damaged car is repairable or is a total loss. We will allow the full amount *385 paid the car rental agency, $162.25. Plaintiff has also asked for $12.95, credited to his bill, that he spent for gasoline. There can be no recovery for this latter item since Plaintiff would have had similar expenditures had he used his own automobile. Maggio v. M. F. Bradford Motor Express, La.App., 171 So. 859.
We will allow the $50.00 expert fee because, during the trial and in open court, both Plaintiff and Defendant agreed the expert was entitled to such a fee.
For the above reasons, the award to Plaintiff is increased from $602.10 to $726.75; otherwise, the judgment is affirmed; Defendant to pay all costs in both courts.
Judgment amended and affirmed.

ON APPLICATION FOR REHEARING.
PER CURIAM.
In his application for a rehearing, with regard to negligence, Defendant contends (1) that because it was not raining at the time of the accident, it was not negligence for his son not to have had his windshield wipers operating, and (2) that the speed limit was not 20 but 30 miles per hour at the scene of the accident and that in driving more than 20 miles per hour, his son was not negligent.
With regard to the first contention, part of Defendant's son's own testimony which he quotes in his application for rehearing is to the effect that it was, in fact, raining at the time and scene of the accident, viz.:
"A. * * * It was raining and that street was slippery and my wheels were spinning and my car was going from side to side and then, all of a sudden it started to go sideways down the street and I hit Mr. Plotkin's car."
With regard to the second contention, no traffic ordinance was introduced into evidence and the only testimony concerning the speed limit was Defendant's son's to the effect he saw a 30 mile-per-hour sign and Plaintiff's testimony that he thought the speed limit was 30 miles per hour. Therefore, there is no conclusive evidence in the record concerning the speed limit and we were in error in concluding that it was 20 miles per hour.
However, the speed limit is immaterial under the circumstances because Plaintiff did not have to bear the burden of proof that Defendant's son was negligent in striking his properly parked car. Under the doctrine of res ipsa loquitur the burden was on Defendant to prove his son's freedom from negligence. In failing to explain satisfactorily how and why the accident happened, Defendant has clearly not met this burden. The application for rehearing is therefore denied.
Rehearing refused.