TUCKER, Judge.
This case stems from an automobile accident which occurred on December 9, 1969, on United States Highway No. 190, near the western approach to the Atchaf-alaya River Bridge. Plaintiff-appellant Rita Mae Peterson was driving one of the vehicles involved in the collision and sustained certain physical injuries and physical damage to their automobile. Defendant-appellee admitted liability for the negligence of its insured, Patricia Nall, driver of the other vehicle involved in the collision, and judgment was rendered in the lower court awarding plaintiff, Kenneth Peterson, special damages for medical bills, related expenses, and damage to the automobile. Plaintiff has appealed from a ruling in the lower court denying the claim for the loss of use of the car as represented by the rental of a replacement vehicle from Circle “R” Rentals, for fifty-three days, for the gross rental sum of Four Hundred Ninety-seven and 82/100 ($497.82) Dollars.
A portion of the rental charge on the replacement vehicle was for collision protection for the rental car, including coverage for the first $100.00 damage. Inasmuch as the Petersons had $100.00 deductible collision coverage on their own automobile involved in the accident, this policy provided more insurance coverage than they ordinarily carried.
Appellants have conceded that it would be improper to charge the defendant with this item of $53.00, and, consequently, have reduced their claim to the rental sum of Four Hundred Forty-Four and 82/100 ($444.82) Dollars, representing rental at the rate of $7.00 per day for fifty-three days or $371.00, mileage for 752 miles @ 7‡ per mile or $52.64, and sales tax on the total of $21.18.
The sole issue on appeal is whether or not the lower court should have allowed a claim for a rental bill on a replacement vehicle which was a “home” car or “second” car, not used in business, or to provide transportation to the place of employment. The Peterson vehicle was a so-called “pleasure” vehicle used for errands related to the home and for personal matters.
Although the Louisiana jurisprudence has not yet developed to the extent that compensation for the rental of a replacement vehicle for a “home” or “pleasure” car is an accepted principle, it seems to be time for Louisiana to join the majority of the other states in the Union which permit recovery for the damage sustained in the loss of use of such a vehicle. 15 Blash-field, Automobile Law & Practice, 30-32 (1965), and cases cited therein. The legal basis for recovery for the deprivation of the use of a “home” car is exactly the same as that for the loss of use of a car used for profit. Recovery is not denied a person for substantial physical injury just because it may not result in a pecuniary *479 loss to him. The one difficulty in awarding damages in a case like the present one is in estimating the actual value of the damages sustained by the Petersons in the loss of use of their “second” or “home” automobile.
Plaintiff Kenneth Peterson owned a pickup truck which he used for transportation to Cresco, Inc., one and one-half miles from his home, where he worked as a mechanic. He worked five days a week from 7:00 A.M. to 5:30 P.M. Very often it was necessary for him to remain at work for an hour or two after closing hours, until 6:30 P.M. or 7:30 P.M. On a number of days he used his truck during working hours to procure parts, and other things. On the rare days when he would not require the use of his truck while at work, and might conceivably permit his wife to use it for domestic errands, the use of this pickup truck would still have resulted in severe inconvenience for Mrs. Peterson. It would have necessitated her arising early and preparing their newly-adopted infant for the trip, because she could not have left this infant at home alone while she took her husband to work. Furthermore Mrs. Peterson testified that driving this truck was painful and hard on her back which had been injured in the accident.
Mrs. Peterson’s back injuries. required her to engage someone to help her with her new baby and with household duties following the accident. Since there is no public transportation available in their area, and since her helper had no automobile, she had to pick her up herself and take her to and from her house. Mrs. Peterson was required to take her baby to the doctor on two occasions, whereas, conceivably this could have involved many more times, and had to pay four visits to her own doctor in regard to her injuries. She had to go to the grocery store and attend to numerous other house-hold duties, requiring the use of an automobile.
The Petersons have no relatives in Baton Rouge and no close friends who could be depended upon to do all the errands necessary to maintain the “homefront”, particularly where there is a new baby and an injured mother. It is common knowledge that the public transportation system in Baton Rouge is inconvenient for normal living requirements. Although Mrs. Peterson might have used her husband’s pickup truck for some shopping after he returned at night, it would have been very inconvenient for her to shop so late at night. Certainly she could not have made visits to doctors’ offices, or to any other offices or businesses which are not open at night. There can be no doubt that the loss of the Petersons’ “second” car resulted in a great inconvenience and hardship to them.
The bulk of the mileage placed on the replacement car by the Petersons, about 600 miles of the 752 with which they were charged, was attributable to a trip which they made at Christmas time to Mr. Peterson’s mother’s home in Oak Grove, Louisiana. At seven cents per mile charged by Circle “R” Rental, this trip cost approximately $42.00. It would seem to this court, however, that to have deprived this young couple of a trip home for Christmas to show the grandparents the new baby, would have resulted in a real loss to them. It was certainly understandable, perhaps even necessary, for them to make the Christmas trip, with injured wife and new baby, in the comfort of a passenger automobile instead of in the relatively uncomfortable pickup truck belonging to Mr. Peterson, which was surely inadequate for a family trip.
The court finds that the Petersons suffered a compensable loss in being deprived of the use of their “second” car during the period necessary for the repair of the damages to this car sustained in the accident between the Peterson and Nall vehicles as mentioned above. It adopts as the proper measure of the actual damage sustained in the loss of their car the amount of the rental fee charged the Petersons for fifty-three days’ rental, which period of time has not been questioned and, therefore, *480 must be presumed to have been reasonable under the circumstances. In making the award which will be set forth below, the court derives some support from the following cases in which recovery was allowed for the loss of use of a vehicle not alleged to have been used for business purposes only, in which, in fact, no mention was made as to the use (business or pleasure) of the substitute vehicle or as to whether or not it represented a second vehicle in the family: Moore v. Shreveport Transit Co., 115 So. 2d 218 (La.App. 2d Cir. 1959) and Barry v. U. S. Fidelity & Guaranty Co., 236 So. 2d 229 (La.App. 3d Cir. 1970). In Plotkin v. Martino, 192 So.2d 381 (La.App. 4th Cir. 1966) recovery was allowed for the loss of use of a vehicle where the vehicle was used both for business and for pleasure, and the measure of damages was set at the cost of hiring another vehicle to be used in its place.
Defendant-appellee has gravely questioned the magnitude of the rental cost for the substitute automobile. The record contains no probative evidence which points to this charge as being excessive. Of course, counsel asserts that the untoward magnitude of the rental charge is indicated clearly by the fact that the total distance traveled during the fifty-three day period of usage was only 752 miles. Though the Christmas trip involved some 600 miles of this vehicle’s usage, the record does not include evidence which, in our view, would justify our basing the award on this score without resort to the rental receipt. The availability of the substitute automobile for use, if and when needed, was considerably important to the plaintiffs, and wholly warranted the hiring of the said automobile.
For the above and foregoing reasons that portion of the judgment of the lower court rejecting plaintiff’s demand for damages on account of the loss of the use of the vehicle damaged in the accident is reversed, and there will be judgment herein in favor of the plaintiff-appellant, Kenneth Peterson, and against the defendant-appel-lee, Allstate Insurance Company, in the additional sum of Four Hundred Forty-Four and 82/100 ($444.82) Dollars with legal interest from the date of judicial demand until paid. In all other respects the judgment of the trial court is affirmed. Appellee is cast with the costs of this appeal.
Affirmed in part and reversed in part and rendered.