301 So.2d 892 (1974)
Hugh NOLAN
v.
Leon F. LIUZZA et al.
No. 6373.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
*893 William S. Vincent, Jr., Garrett, Carl & Roussel, New Orleans, for plaintiff-appellant.
Richard M. Michalczyk, Cronvich & Wambsgans, Metairie, for defendants-appellees.
Before REDMANN, GULOTTA and MORIAL, JJ.
REDMANN, Judge.
The basic question in this appeal is whether or not the owner of an automobile, temporarily deprived of its use while tort-caused damages are being repaired, may recover for that loss of use from the tortfeasor.
The answer is yes. In Reisz v. Kansas City So. R. Co., 1921, 148 La. 929, 88 So. 120, it was decided that the owner of a tort-damaged building could recover for loss of its use (an amount equal to the loss of rental, since the building was in fact rented). In Sherwood v. American Ry. Exp. Co., 1925, 158 La. 43, 103 So. *894 436, 438, the court in obiter dictum disapproved a different position taken by the trial judge and, citing Reisz, stated that the owner of a tort-damaged automobile may recover the "value of its use during the time required by the exercise of proper diligence to secure its repair." This rule has been recited in Carkuff v. Geophysical Serv. Inc., La.App.1938, 179 So. 490, 494 (where recovery was not allowed because the owner did not show the necessary time to repair); Croft v. Southern Hardwood L. Co., 1927, 7 La.App. 274, 275; Desselle v. Wilson, La.App.1967, 200 So.2d 693, 696-697; and Hoffman v. All Star Ins. Co., La.App.1974, 288 So.2d 388, 392. Some cases in dicta suggest that only a loss of business use is compensable; Dixie Hwy. Exp. v. C. C. Galbraith & Son, La.App.1952, 61 So.2d 218, 222; see also Plotkin v. Martino, La.App.1966, 192 So.2d 381, 384. Yet when the question was squarely presented it was decided that the loss of use of one's automobile is recoverable damage within C.C. art. 2315 even though the car is used only for family or personal purposes; Peterson v. Allstate Ins. Co., La.App.1971, 255 So.2d 477. We agree that loss of use is recoverable irrespective of the character of the use.
The measure of recovery has often been the cost of substitute transportation, such as car rental. Yet car rental may include payment for items the owner would have borne on his own car and are therefore not recoverable, such as insurance (as in Peterson) or gasoline (as in Plotkin). Where substitute transportation is used as much as the claimant's own car would have been, payment for the substitute transportation cost (over the claimant's normal expense of gasoline, etc.) may fully compensate for the loss of use. But in cases like ours, where substitute rental was only occasional rather than constant, some of the deprivation of use would remain uncompensated if only the rental were awarded. The owner has paid for his car (or must continue to pay for it) and presumably for his car insurance for the period of lost use (during which his car will depreciate from time alone), yet he is denied that paid-for use by the tort. We conclude the court has discretion to allow an amount which takes into consideration these factors.
The period of compensable loss of use is only "the time required by the exercise of proper diligence to secure its repair," Sherwood, supra, and, when damage is very extensive, the time needed to determine whether the car is economically repairable or should be replaced, Desselle, supra.
Our car was a current model, seven months old, with a depreciated value of $4,000 when over $2,000 damage was done to it. Plaintiff took a month to decide to repair it (apparently seeking replacement rather than repair, from the tortfeasor's insurer and, on its denial of liability, from plaintiff's own insurer). The evidence does not justify so long a period to make the decision to repair, and we therefore cannot allow loss of use for that full month. We would estimate the reasonable time a diligent person would have taken, but since we are not compensating on a mathematically exact basis (such as daily car rental), we need not specify an exact period for deliberation.
The repairs themselves took almost six months. The repairing dealer's preliminary estimate calculated 814 (sic) hours of labor would be required to repair the damage. When plaintiff attempted to prove by his own and his adjuster's testimony that parts were unavailable (to explain the long repair time), the trial judge correctly ruled that that hearsay could not be admitted for the avowed purpose. However, as we interpret Sherwood and other cases, the plaintiff's burden is to show only that he himself exercised proper diligence in securing the repair. Proper diligence was shown by (a) plaintiff's testimony of having taken his car to a reputable factory-authorized dealer, and of having *895 returned to the dealer "at least 20 times" to try to hasten the repair, and (b) plaintiff's insurance adjuster's testimony of contacting the dealer "every week or every week and a half" for the same purpose. Their testimony of the dealer's explanation that parts could not be obtained was not admissible to show the truth of that statement by the dealer, but it was admissible to show that plaintiff's allowing the dealer to continue to hold the car so long was reasonable and therefore not a breach of plaintiff's obligation of proper diligence.
Plaintiff's petition asked $100 a month for loss of use of his seven-month old Pontiac car. He showed that he spent $221.57 on rented cars over about seven days total. He testified that he sometimes borrowed cars, and sometimes paid others $10 a 130-mile round trip to and from work at Venice, Louisiana. We conclude an award of $500 will reasonably approximate his loss from the temporary deprivation of use of his relatively new automobile during approximately six months.
The judgment is amended to increase the award by $500 and is otherwise affirmed.