301 So.2d 895 (1974)
Glen R. CARIMI
v.
Louis P. SAIA, Sr.
No. 6376.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
Rehearing Denied November 7, 1974.
*896 Darryl J. Carimi, Bordelon & Carimi, Gretna, for plaintiffs-appellees.
Robert B. Sutherlin, Leach, Grossel-Rossi & Paysse, New Orleans, for defendants-appellants.
Before REDMANN, GULOTTA and MORIAL, JJ.
REDMANN, Judge.
Defendant appeals from a judgment which awarded plaintiff three weeks rental of an automobile to replace his own tortdamaged car while it was being repaired, and over $400 damages for mental anguish over the hit-and-run damage and possible unavailability of his car.
Defendant argues that loss of use is compensable only when the use is for business purposes. We have reviewed the jurisprudence in Nolan v. Liuzza, La.App. 1974, 301 So.2d 892, and we conclude that loss of personal use is compensable (see also Peterson v. Allstate Ins. Co., La.App. 1971, 255 So.2d 477) for "the time required by the exercise of proper diligence to secure its repair," Sherwood v. American Ry. Exp. Co., 1925, 158 La. 43, 103 So. 436. 438.
However, we agree with defendant that plaintiff is not entitled to the full three weeks' rental shown. Plaintiff did not show diligence in securing repair. Defendant's insurer's adjuster calculated the repairs would only require 15.9 hours (or two days) of labor, and plaintiff's repairman accepted that estimate. The adjuster would allow an extra day or two to get parts, he testified, bringing the expectable delay to four days. However, plaintiff's repairman testified (and the trial court accepted, and defendant now concedes) that the metallic-painted car required complete repainting (rather than one-side only) in order that all paint match, and this required 20 extra hours of labor ($200 labor charge at $8 is 25 hours, less 5 hours for the partial painting included in the original 15.9). Thus the evidence indicates five to seven days would have ordinarily sufficed to repair the car.
In fact the repairs took about five weeks. Plaintiff's repairer testified it took so long because the only Buick dealer he would buy Buick parts from didn't have the needed fender in stock; he didn't deal with other Buick dealers because the one he uses "treats me the best" and tries to locate parts from other dealers; he didn't special-order the fender, which would have required him to pay the freight.
Plaintiff did not testify of any efforts on his part to hasten the repair; unlike the plaintiff in Nolan, supra, he (and his adjuster) did not testify of frequent inquiry to his repairman, or of being told the part was unobtainable. Presumably the repairman would have replied, as he did in court, that he wouldn't ask any other Buick dealer for the fender. Had plaintiff agreed to await that one dealer's supply, he would not have exercised the proper diligence required in securing repair.
We conclude plaintiff has not shown that he exercised proper diligence in repairing his car. The evidence suggests a maximum of ten days for repair with due diligence, and we therefore reduce the car rental award to that period's cost of $175.50.
We disagree with the trial court's granting damages for emotional stress unaccompanied by physical injury (or by stress-caused illness or injury). Plaintiff was not physically injured and in fact was *897 not present when his parked car was damaged.
Todd v. Aetna Cas. & S. Co., La.App. 1969, 219 So.2d 538, writ refused 254 La. 13, 222 So.2d 66, reviewed the Louisiana jurisprudence in rejecting a claim for wrongful death of an automobile owner who had a heart attack while watching his damaged car being recovered from a ditch. Todd notes only three cases awarding damages for mental anguish (without concomitant physical injury) arising from tortious property damage. Two of those cases were decided by this court.[1]
In Cooper v. Christensen, La.App.1968, 212 So.2d 154, the emotional distress aggravated a pre-existing psychoneurosis, precipitating actual mental illness requiring hospitalization.
In Holmes v. Le Cour Corp., La.App. 1958, 99 So.2d 467, 469, the emotional distress produced "a rather marked state of nervousness," testified to and treated with tranquilizers by a physician.
In our case there is no showing of plaintiff's emotional distress resulting in illness or bodily harm. We agree with Restatement, Second, Torts § 436A:
If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance.
See also §§ 312 and 313 (quoted in Todd at 219 So.2d 543, n. 7), limiting recovery for emotional disturbance to cases where the disturbance causes bodily harm or illness.
The judgment is amended to reduce its principal amount to $385.20 and is otherwise affirmed.
NOTES
[1] The third, Lambert v. Allstate Ins. Co., La.App.1967, 195 So.2d 698, was decided by the First Circuit. We decline to follow Lambert (which purported to follow our Holmes case, hereafter distinguished in our text).