303 So.2d 924 (1974)
James N. MILLER, Plaintiff-Appellant,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellees.
No. 4784.
Court of Appeal of Louisiana, Third Circuit.
November 27, 1974.
*925 David A. Sheffield, Alexandria, for plaintiff-appellant.
Stafford, Pitts & Stafford, by John W. Scott, Alexandria, for defendant-appellee.
Before HOOD, CULPEPPER and WATSON, JJ.
WATSON, Judge.
Plaintiff, James N. Miller, filed suit against defendant, Nathan W. Smith, and his insurer, Travelers Insurance Company, to recover damages for injuries sustained in an automobile accident on December 14, 1971. Defendant Smith turned left in front of plaintiff and defendants admitted liability. The only issue presented was that of quantum. Plaintiff was awarded the following by the trial court:

Car rental (30 days @ $7.00): $ 210.00
Drug bill: 4.96
Cabrini Hospital: 68.00
Dr. Gutierrez: 64.00
Pain and suffering, physical
disability, etc., past and future: 1,000.00
 _________
Total: $1,346.96

Plaintiff has appealed from the award of the trial court, contending that the awards for pain, suffering and disability, as well as for car rental, are inadequate.
Plaintiff, James N. Miller, testified that he was 46 years of age at the time of trial and in the construction business. The impact of the accident caused his left knee to hit the dashboard of his truck and he thought his right shoulder must have been strained when the impact pulled him to the left. A carpenter, plaintiff testified he could not nail with his right arm after the accident and he purchased a pneumatic nailer with an air compressor. Plaintiff testified that he continues to have trouble with his left knee and his right shoulder.
Plaintiff also stated that he rented a vehicle from Dick's Garage and Truck Sales while his truck was being repaired and paid $320.32 for this rental. Plaintiff complains of the amount awarded for this item, $210.00. It is significant that a check was mailed by the insurance company to plaintiff on January 4 for the damage which occurred December 16, but he did not have the truck repaired until March or April. The trial court apparently concluded that plaintiff could have had the truck repaired within the thirty day period allowed for car rental if he had made an effort to do so.
As to the personal injury issue, two physicians testified.
Dr. M. E. Gutierrez, a surgeon, first examined plaintiff on the date of the accident in the emergency room at St. Francis Cabrini Hospital. Plaintiff complained of pain in his left knee and right shoulder. There was soft tissue swelling in the left knee; x-rays of the knee were normal. There was some tenderness but no limitation of motion in the right shoulder. Muscle relaxants and analgesics were prescribed for plaintiff and he was sent home. Two days later plaintiff again saw this doctor, and his left knee had an effusion, or fluid in the knee joint, which was not present at the original examination. This doctor continued to see plaintiff until July 27, 1972, when plaintiff was still complaining of pain in his right shoulder and weakness in his left knee. Dr. Gutierrez diagnosed plaintiff's injuries as traumatic effusion of the left knee and traumatic arthritis of the right shoulder, both related to his accident.
Dr. Ray J. Buerlot, Jr., testified on behalf of defendants and qualified as an expert in the field of orthopaedic surgery. Dr. Buerlot examined plaintiff on November 27, 1972, at which time his chief complaints were pain in the right shoulder and pain in the left knee. Dr. Buerlot's findings were essentially negative.
As to the amounts awarded plaintiff for personal injury and car rental, we find no abuse of the much discretion given the *926 trier of fact in assessment of damages. LSA-C.C. art. 1934; Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); and Spillers v. Montgomery Ward & Company, Inc., 294 So.2d 803 (La., 1974).
"The question is not whether a different award might have been more appropriate, but whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it. That such evidence might also support a greater (or smaller) award will not justify a change in the amount by the appellate court. Only when the trial court abuses its broad discretion should the award be adjusted, either up or down." Bitoun v. Landry, 302 So.2d 278, (La., 1974).
All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.