351 So.2d 283 (1977)
Annette E. BLUM, Plaintiff and Appellee,
v.
ALLSTATE INSURANCE COMPANY, and Magnifique Volkswagen, Inc., Defendants and Appellants Third-Party Defendant and Appellee.
No. 6131.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1977.
Rehearing Denied November 10, 1977.
Writ Refused January 11, 1978.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell by Douglas W. Truxillo, Lafayette, for defendant and appellant third party defendant and appellee.
Voorhies & Labbe by John N. Chappuis, Lafayette, for plaintiff and appellee.
Logan & deLaunay by Gerald C. deLaunay, Lafayette, for third party defendant and appellee.
Before HOOD, CULPEPPER and GUIDRY, JJ.
CULPEPPER, Judge.
This is an action for damages resulting from an automobile collision. Plaintiff Blum brought a direct action against Allstate Insurance Company, the insurer of the alleged tort-feasor, for damages for personal injuries and for the cost of leasing a substitute car, while her own vehicle was being repaired. Allstate filed a third party demand against Magnifique Volkswagen, Inc., the repair shop where plaintiff took her car to be repaired, alleging that Magnifique failed to repair the car within a reasonable time, and that Magnifique is therefore liable to Allstate for all or part of the cost of leasing the substitute vehicle.
Magnifique filed an exception of no cause of action to Allstate's third party demand. The trial court sustained the exception. From the judgment dismissing its third party demand, Allstate now appeals. Further proceedings in the trial court were stayed pending the disposition of this appeal.
*284 The substantial issues on appeal are: (1) Is the plaintiff limited in her recovery of damages from Allstate for the loss of use of her vehicle to that period of time in which the repairs could have normally and reasonably been accomplished? (2) If Allstate is liable to plaintiff for the loss of use of her vehicle for the entire time which Magnifique took to complete the repairs, does Allstate have a claim for indemnity or contribution from Magnifique for extending the repair period beyond that which was necessary and reasonable? Of course, if the first question is decided in the affirmative, there is no need for this court to consider the second.
Plaintiff's automobile collided with a vehicle driven by Brenda Faye Parker and insured by Allstate. She took her damaged automobile to Magnifique Volkswagen, Inc. for repairs.
During the time her vehicle was in the repair shop, plaintiff leased a substitute automobile. She checked periodically with Magnifique about what progress was being made on the repair job. The repairs took several months, and the result was that it cost plaintiff $2,179 to lease a substitute automobile.
In this suit against Allstate, plaintiff seeks $2,179.80 for the cost of leasing the substitute car. Allstate filed a third party demand against Magnifique, seeking indemnity, or, in the alternative, contribution for the cost of leasing the car. Allstate alleges that while it might be held solidarily liable with Magnifique, the lack of due care and diligence of the third party defendant constituted primary, active, and affirmative fault and negligence, while the fault on the part of the third party plaintiff was only passive and/or constructive with regard to part of the period in which a leased car was necessary.
Magnifique's exception of no cause of action to the third party demand alleges that the only person to whom it owed a duty in connection with the repair of the subject vehicle was Annette Blum, and that she alone can sue Magnifique.
In sustaining the exception the trial court held: (1) Allstate had no contractual relationship with Magnifique regarding the repairs in question. (2) Annette Blum had a cause of action against Allstate for the recovery of damages for the loss of use of her car only for that period of time in which repairs could have reasonably been completed. (3) Only Annette Blum has the right to make a claim against Magnifique for negligently extending the repair period beyond that which was reasonable.
As a general rule, where a vehicle is damaged in an accident the owner is entitled to recover from the tort-feasor the cost of renting a substitute vehicle during the period of time in which his own vehicle is being repaired. Sherwood v. American Ry. Express Co., 158 La. 43, 103 So. 436 (1925); Goode v. Hantz, et al., 209 La. 821, 25 So.2d 604 (1946); Miller v. Travelers Insurance Company, 303 So.2d 924 (La.App. 3rd Cir. 1974); Desselle v. Wilson, et al., 200 So.2d 693 (La.App. 3rd Cir. 1967); Blashfield Automobile Law & Practice, Vol. 15, page 14; 25 C.J.S. Damages § 48, pp. 773-774; 18 American Law Reports 3d 503-505.
Where the plaintiff himself is negligent in having the repairs completed promptly, he cannot recover for loss of use beyond the time which should have been reasonably necessary to accomplish the repairs. Desselle v. Wilson, et al., supra; Miller v. Travelers Insurance Company, supra; Carimi v. Saia, 301 So.2d 895 (La.App. 4th Cir. 1974); Broadview Seafoods, Inc., et al. v. Pierre, et al., 173 So.2d 37 (La.App. 4th Cir. 1965), affirmed 180 So.2d 694; Alderman v. Henderson, et al., 130 So.2d 157 (La.App. 2d Cir. 1961); Voitier v. Farrelly, 320 So.2d 581 (La.App. 4th Cir. 1975); Blashfield Automobile Law & Practice, Vol. 15, page 32.
However, there is some conflict in the jurisprudence in the situation where the plaintiff has acted with due diligence but the repairman has not. Appellant cites Carimi v. Saia, supra, and Nolan v. Liuzza, 301 So.2d 892 (La.App. 4th Cir. 1974) to support its contention that an owner can *285 recover damages for loss of use of a vehicle during the entire repair period, regardless of unreasonable delays caused by the repair shop. We quote from Nolan v. Liuzza, supra: "However, as we interpret Sherwood (Sherwood v. American Ry. Express Co., 158 La. 43, 103 So. 436, 438, (1925), and other cases, the plaintiff's burden is to show only that he himself exercised proper diligence in securing the repair." Other cases from the Court of Appeal, Fourth Circuit, and its predecessor court, The Orleans Court of Appeal, applied the same rule: Holleman v. Viola, et al., 330 So.2d 627 (La.App. 4th Cir. 1976); Independent Oil Refining Company v. Lueders, 134 So. 418 (La.App.Orl.1931); and Dixie Highway Express, Inc. v. Galbraith & Son, Inc., 61 So.2d 218 (La.App.Orl.1952).
With all due respect to our brothers of the Fourth Circuit, we do not think this is the settled rule of law on the issue. Sherwood, the Supreme Court case relied on by the Fourth Circuit in Nolan v. Liuzza, supra, dates back over fifty years, and it is not authority for the rule urged by appellant. In Sherwood, the plaintiff took his Packard automobile to the local agency for repairs. Due to a cracked engine and a bent frame the time for repairs was prolonged. Plaintiff claimed the cost of leasing an automobile, at $50 a month, from the date of the accident until his car was returned to him. The time was still running on the date of the trial, since the car had not yet been repaired. The court quoted from 17 Corpus Juris, page 878, Section 184, Note 23 the rule: "Where through an injury to property, plaintiff is temporarily deprived of its use, the measure of his damages is the amount of the injury to the property, together with the value of its use during the time required by the exercise of proper diligence to secure its repair." The decision concludes by stating:
"But we have searched the record in vain for any evidence as to how long it would have required to repair plaintiff's automobile, and since we cannot notice judicially the time which would be required for that purpose, we are constrained to refuse plaintiff an increase, and must let the judgment stand."
We think Sherwood can be construed as holding that both the plaintiff and the repairman must use proper diligence to secure the repairs in a reasonable time. Since the evidence in Sherwood did not show the reasonable time required for repairs, no award was made for loss of use. In any event, the case is clearly not authority for the rule that the plaintiff who uses proper diligence can recover for loss of use caused by lack of diligence on the part of a repairman whom the plaintiff chooses.
Looking to other states, we find a number of cases holding that plaintiffs who acted with the utmost diligence were nevertheless granted recovery of rental costs only for that period of time normally and reasonably required by diligent repairmen to make the repairs and no longer. Magnolia Petroleum Company v. Harrell, 66 F.Supp. 559 (W.D.Okl.1946); Parsons v. Lambert, 48 So.2d 143 (Miss.1950); Brandon v. Capital Transit Company, 71 A.2d 621 (Mun.Ct.App. D.C.1950). This appears to be the majority rule.
As noted in 18 A.L.R.3d 545: "The period for which recovery may be had for loss of use of a motor vehicle is generally held to be that which is reasonably required for the making of repairs, or that within which the vehicle could be repaired with ordinary diligence."
While we respect the position taken by the Fourth Circuit on this issue, we cannot agree. Our appreciation of the holding in Sherwood, supra, and the majority rule from other states force us to conclude that regardless of the diligence of the plaintiff-owner, he cannot recover the cost of renting a substitute vehicle beyond the time in which repairs could normally and reasonably have been completed by a repairman using due diligence.
Having so concluded, we find that the exception of no cause of action was properly sustained by the trial judge, and the third party demand was properly dismissed. Appellant, Allstate, is liable for rental costs of a substitute car only for that period of *286 time reasonably necessary for repairs to plaintiff Blum's automobile by a repairman using due diligence. Since Allstate's liability for this expense cannot be expanded beyond the reasonable time necessary to repair the damaged vehicle, it makes no difference whether Magnifique took an unreasonably long period of time to complete the repairs. Such conduct could give rise to an action by the owner against Magnifique for breach of contract, but would be of no concern to the original tort feasor or his insurer.
For the reasons assigned, we affirm the judgment of the trial court. Costs of this appeal are assessed against defendant-appellant, Allstate Insurance Company.
AFFIRMED.