REDMANN, Judge.
At the time of the March 1978 rear-end accident out of which this case arises, plaintiff’s 1972 Ford LTD automobile would have been worth $1,225 had it been undamaged. But it had damage to its rear end, appraised at $1,227 in December 1976. In December 1976 the value of the car was $1,825 and plaintiff requested of her then insurer, but was refused, settlement as for a total loss. The car was usable, and plaintiff continued to use it for 22,000 miles between the 1976 and 1978 accidents. The 1978 accident made the car unusable, plaintiff argues, by jamming rear fender area metal against wheel.
Plaintiff now appeals from a judgment which dismissed her suit for damages at her cost. The trial judge reasoned that plaintiff had settled for a “total loss” in the first accident (not so) and, noting that plaintiff was claiming a “total loss” (of $895) in the second accident, the trial judge apparently concluded that plaintiff either suffered no loss or proved no loss from the second accident. We reverse.
A car which provides transportation is not worthless merely because a repairman would charge more to repair its body damage than the car could be sold for after being repaired. One whose fault damages an already-damaged car is obliged to pay for the damage he has caused.
The proper measure under La.C.C. 2315 for damage to an already-damaged automobile is, basically, the cost of repairing the damage done by the second accident.
Here, because the rear end parts damaged in the second accident were all already severely damaged from the first accident, plaintiff is not entitled to repair of any of those parts to like-new condition. Plaintiff would be entitled to the cost of straightening the body metal sufficiently to allow the rear wheels to move as before, so as to make the car again usable, but she did not establish that cost.
Plaintiff does establish that customary automobile labor charges were $14 an hour in December 1978. Plaintiff is also entitled to an award for the loss of use of her car for the reasonable time it would take to repair it; Nolan v. Liuzza, 301 So.2d 892, La.App. 4 Cir. 1974. Rather than zero for lack of precise proof, the correct judgment is a rough estimation that no more than a couple of hours should be used in freeing the jammed wheel and the loss of use should not exceed a day or two. An award of $75 is a reasonable estimate.
We let each party pay his own costs because plaintiff’s efforts to obtain “total loss” treatment were as unreasonable as defendants’ efforts to escape all payment.
Reversed; judgment for plaintiff for $75, each party to pay his own costs.