STOKER, Judge.
Plaintiff, George A. Cain, brought this suit against defendants, Cogburn Pump & Supply Company, Inc., and New Hampshire Insurance Company, for damages arising out of an automobile accident. The trial court held the defendants liable in the amount of One Thousand Three Hundred Seven and 05/100 ($1,307.05) Dollars with Eight Hundred Fifty-Seven and 05/100 ($857.05) Dollars being the actual cost of repairs and Four Hundred Fifty and *756 No/100 ($450.00) Dollars being awarded for forty (40) days loss of use.
The appellant’s sole argument on appeal is that the trial court erred in awarding forty (40) days loss of use.
The testimony at trial was not recorded, as neither party requested it, but the parties entered into a joint stipulation of facts pursuant to LSA-C.C.P. art. 2131. The stipulation does not appear in the record but a joint stipulation signed by counsel for both parties is incorporated in appellants’ brief. The stipulation reads as follows:
“JOINT STIPULATION
That only two witnesses testified with regard to the damages to the plaintiff’s automobile. Bill Wilson testified that in his opinion the cost of repairs would be ONE THOUSAND NINETY SEVEN AND 05/100 ($1,097.05) DOLLARS as reflected in his estimate of repairs which was introduced as plaintiff’s Exhibit Number 15. Albert Hester testified on behalf of the defendants that the cost of repairs would be SEVEN HUNDRED TWENTY NINE AND 79/00 ($729.79) DOLLARS and that the repairs could have been done in three days and that he checked and made sure that parts were available to make the repairs, all in accordance with his estimate of repairs marked Joint Exhibit Number 1.
After trial, the judge awarded a total of ONE THOUSAND THREE HUNDRED SEVEN AND 05/100 ($1,307.05) DOLLARS of which amount he attributed EIGHT HUNDRED FIFTY SEVEN AND 05/100 ($857.05) DOLLARS to cost of repairs and in addition awarded FOUR HUNDRED FIFTY AND NO/100 ($450.00) DOLLARS representing 40 days loss of use.
The above are stipulated to be true and correct in accordance with Article 2131 of the La.Code of Civil Procedure.”
In appellee’s brief the following appears:
“The appellee will accept the statement of facts of the appellant as being essentially correct. However, appellee would add the fact that following the accident it was some forty days before the appellee was contacted] by appellant insurance company concerning an adjustment to his vehicle.”
In view of the fact that appellee’s counsel signed the joint stipulation set forth above and his acknowledgement in his brief that the stipulation is essentially correct, we will act lipón it as containing the facts we may consider on this appeal.[1]
The issue in the case is whether or not the trial court was in error in allowing forty (40) days loss of use of plaintiff’s automobile.
The appellee argues two points before us. In appellee’s brief it is asserted that appel-lee “testified he was financially unable at the time of the accident to have the repairs done to his vehicle”. Secondly, it is asserted that appellee “also stated he attempted as best he could within his limited means to contact the defendants’ insurance carrier, but his early efforts were to no avail.” We do not reach these arguments. Inasmuch as these averments are not in the joint stipulation of facts, they are outside of the record and may not be considered. All we have before us is the stipulation.
The trial court’s judgment makes a lump sum award of $1,307.05. There is no attribution in the judgment of this amount for the amount which represents repairs and the amount which represents loss of use. The stipulation, however, sets forth that $450.00 represented loss of use for forty (40) days. Apparently the trial court allowed $11.25 per day for loss of use. In view of the stipulated testimony of the repairman, Albert O. Hester, that all the repairs shown on his estimate could be accomplished within three days and that he had checked to determine that all necessary parts were available, we conclude that the trial court’s allowance of forty (40) days *757 loss of use was excessive and manifestly erroneous and clearly wrong.
It would not be realistic to expect that plaintiff should take his damaged vehicle to a repair shop on the very day of the accident. Several days might be required before arrangements could be made and the repairman might not be able to commence repairs immediately. While an owner whose vehicle is damaged may recover for the loss of its use, he may not recover for loss of use beyond the time which should have been reasonably necessary to accomplish the repairs. Blum v. Allstate Insurance Company, 351 So.2d 283 (La.App. 3rd Cir. 1977), writ refused, 353 So.2d 1036 (La. 1978). In our opinion it would be fair and reasonable to allow plaintiff seven days for loss of use of his vehicle.
At the rate of $11.25 per day for seven days, we will make an award for loss of use of plaintiff’s vehicle of $78.75.
For the foregoing reasons the trial court’s judgment is affirmed insofar as it grants recovery in favor of plaintiff with interest and costs. We amend the judgment as to the principal amount. Accordingly, it is ordered, adjudged, and decreed that there be judgment in favor of plaintiff and against defendants in the full sum of $953.75, representing $857.00 as the cost of repair and $78.75 as damages for loss of use, together with legal interest from July 18, 1979, until paid and for all costs incurred in the trial court. Costs of this appeal are assessed to plaintiff-appellee.
AMENDED AND AFFIRMED AS AMENDED.

. It appears to us that the preferable procedure in such cases would be to file the stipulation in the record in order that it might be included in the official record on appeal. Under the circumstances mentioned, we will not return the record for completion by insertion of this item.