427 So.2d 24 (1983)
Thomas F. CARROLL, et ux., Plaintiffs-Appellees,
v.
STATE FARM INSURANCE COMPANY, et al., Defendants-Appellants.
No. 82-463.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Lunn, Irion, Switzer, Johnson & Salley, Harry A. Johnson, Jr., Shreveport, for defendants-appellants.
Charles W. Seaman, Natchitoches, for plaintiffs-appellees.
Before GUIDRY, CUTRER and LABORDE, JJ.
*25 LABORDE, Judge.
Plaintiffs, Thomas F. Carroll and his wife Kathleen Carroll, seek damages for personal injury and property damage as a result of a motorboat collision on the Cane River Lake in Natchitoches Parish. Named as defendants are Edgar Allan Morris, Jr., the driver of the boat involved in the collision, and State Farm Fire and Casualty Company, the liability insurer of the boat being operated by Morris.
Liability was admitted by the defendants therefore the trial court rendered judgment in favor of the Carrolls and awarded damages in the following particulars:

1. Property Damage:
 Barge $ 1,936.62
 Dock 250.00
 Ski Boat 880.00
 __________
 TOTAL $ 3,066.62
2. Loss of Use of
 Ski Boat $ 2,000.00
 __________
 TOTAL $ 5,066.62
 ==========

In addition to this award, the trial court awarded Kathleen $7,500.00 for the extreme emotional suffering she sustained as a result of the accident. We affirm in part and reverse in part.
The property damages awarded were stipulated to by all parties and do not form a part of this appeal. The sole issues presented on appeal are as follows:
(1) Whether the trial court erred by awarding Kathleen Carroll $7,500.00 for mental anguish.
(2) Whether the trial court erred in awarding the Carrolls $2,000.00 for loss of use of their ski boat.
On May 30, 1981, Thomas and Kathleen Carroll were holding a cookout and swimming party at their home on the bank of the Cane River Lake in Natchitoches Parish. Present at the cookout were two other adult couples, the Carroll's three small children and three other very small children.
As the children were swimming near a barge owned by the Carrolls, which was tied to the Carrolls' dock, Thomas' brother, Robert, noticed a motorboat traveling at a high rate of speed heading straight for the barge and dock. When Robert realized that the boat was not going to turn he yelled at the children swimming near the barge and he grabbed the Carrolls' two year old son who was standing on the barge and ran to the bank.
Just as Robert reached the bank the 16 foot Glastron boat, operated by Morris, struck the Carrolls' barge and became airborne. Upon striking the barge the boat traveled through the top of the Carrolls' barge and passed over the Carrolls' pier striking an eight inch creosote post that held up the Carrolls' boat dock. After striking the post, the boat crashed into the water on the opposite side of the pier from whence it came landing on the back part of the Carrolls' ski boat. The testimony in the record shows that the boat traveled approximately 30 feet through the air and at one point was as high as 9 feet above the water.
The Carrolls' instituted this suit to recover damages for the damage to their property as well as for the personal injury suffered by Kathleen.
Morris and State Farm first contend that the trial court erred in holding that Kathleen was entitled to damages for mental anguish since Kathleen suffered no physical injury as a result of the accident and since no medical evidence was presented to support her claim that she suffered psychic trauma.
Although Kathleen sustained no physical injury, recovery for mental anguish is proper where there has been damage to Kathleen's property at a time when she is present or situated nearby and she experiences trauma as a result thereof. Meshell v. Insurance Co. of North America, 416 So.2d 1383 (La.App. 3rd Cir.1982); Farr v. Johnson, 308 So.2d 884 (La.App. 2nd Cir. 1975) writ refused 310 So.2d 854 (La.1975).
Louisiana jurisprudence also provides that mental anguish suffered while an ordeal is in progress is legally compensable. Butler v. Pardue, 415 So.2d 249 (La.App. 2nd Cir.1982); Hoffman v. All Star Insurance *26 Corp., 288 So.2d 388 (La.App. 4th Cir. 1974). In Butler, the trial court specifically found that Jarred Butler did not suffer any actual physical injury as a result of the automobile accident sued upon. Nevertheless, the court compensated his mental anguish caused by the ordeal. In Hoffman, one of the plaintiffs suffered no physical injury and saw no doctor for treatment but was awarded damages for mental anguish caused by the ordeal at sea. In addition, another plaintiff in Hoffman suffered only sore muscles as a result of the ordeal he experienced. The court likewise compensated this plaintiff for mental anguish although no actual physical injury was shown.
From our reading of these cases, we conclude that Kathleen is not precluded from recovering for mental anguish because she did not suffer actual physical injury.
The record reveals that Kathleen was sitting on the pier next to the eight inch creosote post as the Morris boat struck the barge. As the boat became airborne it passed directly over Kathleen. Kathleen had to lean over to prevent the motor's propeller from slashing into her head. As one witness testified, "... I thought her head was gone for sure."
Thomas Carroll testified that his wife immediately went into hysterics. Thomas further testified that when he first saw his wife she was "screaming and crying all at the same time" and that her condition worsened two or three hours later that night.
Thomas' testimony is corobborated by the testimony of his brother, Robert, who testified that Kathleen was upset to the point that she had no control of herself and nobody else had any control over her. Robert also stated that Kathleen's condition was worse that night than when the accident occurred.
The testimony contained in the record also shows that for the four or five month period after the accident Kathleen had difficulty sleeping. The record shows that Kathleen experienced numerous nightmares after the accident and that she would wake Thomas up screaming and cursing the boat driver in her sleep.
From our review of the record and applicable jurisprudence, we conclude that the trial court did not err in awarding Kathleen damages for mental anguish. The undisputed testimony in the record clearly shows that Kathleen experienced trauma while the accident was in progress, immediately after the accident, and for a period of four to five months thereafter. Therefore, the trial court's award for mental anguish was proper.
Morris and State Farm further contend that the trial court abused its discretion by awarding an excessive amount to Kathleen for mental distress. Before determining that the $7,500 awarded to Kathleen is excessive we must look to the facts and circumstances of this case. Only after an analysis of the facts and circumstances peculiar to this case and this individual may we determine that the award is excessive. Reck v. Stevens, 373 So.2d 498 (La.1979). After reviewing the facts and circumstances peculiar to this case, we conclude that the trial court did not abuse its discretion in awarding $7,500 to Kathleen for the mental anguish she suffered.
Morris and State Farm finally contend that the trial court erred in awarding $2,000.00 to the Carrolls for the loss of use of their ski boat. Morris and State Farm argue that the testimony presented at trial does not substantiate such an award.
Our review of the record shows that the only testimony concerning loss of use of the ski boat was testimony given by Thomas in answering the question of whether he had use of the boat during the summer of 1981. Thomas stated, "Absolutely not. As a matter of fact I just picked up the boat a month ago."
Based on this testimony, the trial court found that the Carrolls lost the use of their boat for a full year. The trial court awarded $2,000.00 to the Carrolls based on this finding of fact.
We note that loss of use is compensable for the period of time required by the *27 exercise of proper diligence to secure repairs to the thing damaged. Russell v. Lloyd's Towing Service, Inc., 381 So.2d 896 (La.App. 2nd Cir.1980); Hayes v. Allstate Ins. Co., 368 So.2d 1214 (La.App. 4th Cir. 1979).
No testimony was given at trial which establishes the time period required to make repairs on the ski boat which sustained a cracked hull. No evidence was introduced showing that the Carrolls exercised diligence in getting the boat repaired. Also, no testimony was presented as to the extent of use the Carrolls made of their ski boat in the past or of the extent of use they were deprived because the boat was damaged.
We conclude that the Carrolls failed to prove that they are entitled to damages for loss of use. A plaintiff must prove his case before he is allowed to recover and in order to prove his case it is necessary that the plaintiff prove each and every element of the damages claimed. Reid v. Allstate Ins. Co., 407 So.2d 34 (La.App. 3rd Cir.1981). Since the Carrolls failed to prove their case the trial court erred in awarding them $2,000.00 for loss of use of their ski boat.
For the above and foregoing reasons the judgment of the trial court is amended to delete the award of $2,000.00 for loss of use and as amended is affirmed. Costs of this appeal are assessed one-half to Thomas and Kathleen Carroll and one-half to Edgar Morris, Jr. and State Farm Fire and Casualty Company.
AMENDED AND AFFIRMED AS AMENDED.