SAVOIE, Judge.
As the result of an automobile accident, plaintiff, Leroy Lirette, sued defendants, Ed Bridges and Berry Brothers Construction Co., seeking recovery for damages to his vehicle. Defendants filed a third party demand against Cournoyer Oldsmobile-Cadillac-GMC, Inc., alleging that a portion of the repair costs for which plaintiff sued was attributable to improper and negligent repair work on the part of Cournoyer. Cournoyer filed exceptions of no right or cause of action and of prescription. The trial court ruled in favor of Cournoyer on the exception of no cause of action and dismissed defendants’ third party demand against Cournoyer. Defendants have perfected this appeal assigning two errors.
First, defendants argue the trial court erred in granting Cournoyer’s exception of no cause of action.
The instant case is very similar to Blum v. Allstate Insurance Company, 351 So.2d 283 (La.App. 3rd Cir.1977), writ denied, 353 So.2d 1036 (La.1978). In Blum, defendant alleged in a third-party action against the repairer, that the car was not repaired within a reasonable time and sought to recover from the repairman rental costs of a substitute car beyond the time in which the repairs should have been made. The Third Circuit held “that regardless of the diligence of the plaintiff-owner, he cannot recover the cost of renting a substitute vehicle beyond the time in which repairs could normally and reasonably have been completed by a repairman using due diligence.” The Third Circuit went on to affirm the trial court’s action in sustaining the exception of no cause of action and dismissing the third party demand. The Third Circuit concluded that the failure to repair within a reasonable time could give rise to an action by the owner against the repairman for breach of contract, but the original tortfeasor or his insurer would have no action.
In the present case, the plaintiff was dissatisfied with the original work and returned his vehicle to Cournoyer’s for additional repairs. Defendants alleged that Cournoyer was negligent in not properly repairing the vehicle the first time and that Cournoyer was liable to defendants for a portion of the repair costs and car rental.
We find as did the court in Blum that defendants are liable only for that portion of the repair and rental costs that would have been incurred had the vehicle been properly repaired originally. Plaintiff may have a claim against Cournoyer for failure to make proper repairs originally, but the defendants do not. The amount of damages, if any, for which defendants are lia *469 ble must be determined after trial on the merits.
Accordingly, we find no error in the ruling of the trial court granting Cournoyer’s exception of no cause of action.
Second, defendants argue the trial court erred in failing to afford them an opportunity to amend their petition.
La.C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
As a general rule the “shall” in the above article requires the adverse party be given an opportunity to amend where there is a conceivable possibility that a cause or right of action may be stated. However, the right to amend is not so absolute as to permit the same when such amendment would constitute a vain and useless act. McReynolds v. Kruse, 440 So.2d 791 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1241 (La.1984).
We have thoroughly reviewed defendants’ arguments and have concluded defendants’ third party demand cannot be amended to state a cause of action. We find the trial court did not err in failing to give defendants an opportunity to amend their petition.
For the above reasons the judgment of the trial court is affirmed. Costs are to be paid by appellants.
AFFIRMED.