MARVIN, Chief Judge.
In this action arising out of a two-car collision and after liability was stipulated, both the defendants and plaintiffs appeal the judgment that awards damages totaling $11,000. The defendant driver and her liability insurer contend the awards either are excessive or are unsupported. Answering the appeal, plaintiffs seek to increase the wife’s general damage award and the husband’s loss of consortium award.
We amend to reduce the award for rental car expense and otherwise affirm the judgment.
RENTAL CAR EXPENSE
Mrs. Lowery’s 1985 Volvo sustained about $6,500 in damages in the collision which occurred within minutes after she drove away from a dealership in Monroe. The Volvo had been at the dealership for about four months to allow a replacement engine to be installed.
The Lowerys paid $794.21 to rent a car for about three weeks after the accident. The trial court awarded them this amount, which defendants contend should be reduced by $248.75, the amount plaintiffs paid for “insurance” on the rental ear.
The Lowerys testified that their insurance coverage on the Volvo, carried by Aetna, was not in effect during the four-month period that the car was “immovable” while the engine was being replaced. According to Mrs. Lowery, the Aetna coverage was reinstated “a day or two before the accident.” Mr. Lowery said that when he contacted Aetna after the accident to obtain proof of coverage for the police officer, the agent told him “they were not going to cover it.... So I had to have insurance from the [rental] agency to cover the rental car.”
The rental agreement shows that the $248.75 charge was for “Road Hazard Protection.” Mr. Lowery expressly warranted to the rental car company that his liability, comprehensive and collision coverage was in effect with Aetna during the term of the rental when he signed the rental agreement. Mr. Lowery elected to purchase the “Road Hazard Protection,” at the rate of $9.95 per day, under which the rental agency agreed to hold the Lowerys harmless “for the cost of repairs ... for direct and accidental loss or damage to the vehicle as a result of fire, theft, collision, upset, or other causes covered by a standard policy or policies of comprehensive and collision automobile insurance.” The rental agreement states on its face that the Road Hazard Protection is “Not Insurance” and is “Optional Coverage.”
The Road Hazard Protection does not purport to provide liability coverage, which is mandatory under state law, but simply allows the lessee to make a claim for collision or comprehensive losses against the car rental agency, with no deductible, instead of making the claim against the lessee’s insurance carrier, presumably with a deductible. Defendants should not have been held liable for the cost of this additional and optional coverage. See and compare Peterson v. Allstate Insurance Company, 255 So.2d 477 (La.App. 1st Cir.1971).
We shall amend the judgment to reduce the award for rental car expense from $794.21 to $545.46. We affirm the other awards in an unpublished addendum to this opinion.
AMENDED AND AFFIRMED.